Lipscomb, J.
The demurrer reached everything that was in the petition and no more. If the facts set forth by the appellants constituted no sufficient ground to sustain the injunction, the demurrer was good, and the court did right in sustaining it. The original petition set up no sufficient equity to justify the interposition of an injunction for the protection of their rights. So far from any injustice having been done to them or any injury sustained, it appears from their own showing they were only called on to perform what they had voluntarily undertaken to do, with a full knowledge of the consequences; and certainly whatever modifications of the rule there may be as a question of' law, in chancery a man will be held to the execution of his undertaking, according to its true intent, where there are no circumstances of fraud or mistake. The amended petition was intended to present a legal defense against the bond, and perhaps under the circumstances of the case, if fairly presented, would have furnished a ground of relief. If their bond was not good in law, as there was no opportunity afforded them to contest it in a court of law, on the principles governing that court, it would not perhaps have been an improper exercise of chancery jurisdiction to have given them an opportunity to have tried the question; but in the manner presented, it is clear that it was bad and obnoxious to the demurrer. The amendment, instead of exhibiting the facts by making the bond a part of their petition, was a conclusion of law»only. Had the bond been made a part of the petition, the court then could have applied the law and determined whether the bond was in conformity with the law or not. We do not decide on the validity of an execution sued out on such a bond. We only decide that as the case is presented by the petition the demurrer was properly sustained. Judgment affirmed.