DUNN
v.
FISH.

---

### DUNN *v.* FISH and Another.

If a bond sued on at law had been satisfied by a settlement between the parties
before the commencement of the suit, the settlement is a plain defence to such
suit; and if the Court refuse to admit the defence, and render judgment for
the plaintiff, the defendant's remedy is not a bill in chancery to enjoin the
judgment, but an appeal or writ of error.

The circumstance that a Court of law has decided a question of law erroneously,
is not a sufficient ground for an application to a Court of chancery to enjoin
a judgment in the suit.

ERROR to the *Boone* Circuit Court.

Thursday,
June 17.

BLACKFORD, J.—This was a bill in chancery filed by *Joseph
Fish* and *Addison Lane* against *Benjamin Dunn.* The
object of the bill was to procure an injunction of a judgment
at law which *Dunn* had recovered against the complainants.

The bill states that *Fish* bought a tract of land of *Dunn*
for 800 dollars, and received a warranty deed for the same;
that in payment for the land, *Fish* conveyed to *Dunn* a tract

of land for 100 dollars, and that he and *Lane* gave their bond to *Dunn*, conditioned for the payment of certain judgments against *Dunn* amounting in all to 701 dollars and 58 cents, one of which was in favour of *Cogswell* and *Cole* for 462 dollars and 85 cents; and that *Dunn* and one *Wright* gave their bond to *Fish*, conditioned to indemnify *Fish* against all liens on the land sold to him by *Dunn*. The bill further states that, at the time of said sale of land to *Fish*, there were several judgments against *Dunn*, which were liens on the land, besides the judgments which *Fish* was to pay as aforesaid, and that there was also a mortgage on the land executed by *Dunn* to the agent of the surplus revenue; 'that *Fish* had paid the judgments against *Dunn* not mentioned in the bond of *Fish* and *Lane*, and the said mortgage also, amounting in all to 292 dollars and 42 cents; that an execution had issued on the judgment in favour of *Cogswell* and *Cole*, and that the land conveyed by *Fish* to *Dunn* was sold on the execution with other land of one of the execution-defendants, the execution-sales amounting to 112 dollars; and that *Fish* paid the balance due on said judgment in favour of *Cogswell* and *Cole*. The bill further states that afterwards a settlement of all said demands of both *Fish* and *Dunn* was made between *M'Auly*, as *Dunn's* agent, and *Fish*, by which *M'Auly* was to transfer to *Fish* certain notes and a mortgage on an engine executed by *Barb* and *Williams* to *Dunn*, and to give up the bond of *Fish* and *Lane*, and *Fish* was to accept the same in satisfaction of his claims, and to give up the bond of *Dunn* and *Wright;* that in pursuance of said settlement, *Fish* gave up the bond of *Dunn* and *Wright*, and received a transfer of the engine, but *M'Auly* failed to give up to *Fish* the bond of *Fish* and *Lane*, alleging that the judgments named in it were not all paid; that a suit was afterwards brought by *Dunn* on the bond of *Fish* and *Lane;* that the Court would not admit said matters of defence in evidence; and that judgment was rendered in favour of *Dunn*. The bill prays that said judgment be perpetually enjoined.

An answer to the bill was filed; exceptions were taken to the answer; and the exceptions were allowed.

The cause was submitted to the Court, and the injunction prayed for was granted.

We can see no ground for this decree. According to the bill, which may be considered as stating the facts, the claims of *Dunn* against *Fish* and *Lane* on their bond, and the claims of *Fish* against *Dunn* and *Dunn* and *Wright* were settled, but *Dunn* had failed to give up the bond of *Fish* and *Lane*, and had recovered judgment on it. The alleged settlement, by which the bond sued on was satisfied, was a plain defence to the suit at law; and if, as the bill alleges, the Court refused to admit the defence, the complainants' remedy was an appeal or writ of error. The circumstance that a Court of law has decided a question of law erroneously, is not a sufficient ground for an application to a Court of chancery to enjoin a judgment in the suit. 2 Story's Eq. § 897. — *Mar. Ins. Co.* v. *Hodgson*, 7 Cranch, 336, 337.—*Simpson* v. *Hart*, 1 Johns. C. R. 95 to 99.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the plaintiff.

*J. Morrison* and *S. Major*, for the defendants.