# FRANCIS HUEBSCHMAN, Respondent.

## *vs.*

## CHAUNCEY BAKER, Impleaded with H. L. PAGE, Appellant.

### APPEAL FROM MILWAUKEE CIRCUIT COURT.

A party seeking the aid of a court of equity to enjoin a judgment at law must show that the plaintiff in the judgment had, in fact, no cause of action.

The superintendent of Indian affairs is not personally liable for the torts of the Indian tribes, or individuals belonging to them, unless he direct or adopt their acts.

Where a party served with process, immediately employs an attorney to conduct his defence, and the attorney neglects his duty and allows judgment to pass against his client by default, and as soon thereafter as he is informed, the latter employs other counsel, he is not chargeable with laches, nor if the attorney be insolvent will he be turned over to such attorney for redress.

This was a bill filed (before the code) to set aside and perpetually enjoin a judgment rendered in the Winnebago circuit court at the September Term, 1856, in favor of the said Baker against the said Huebschman.

The bill of complaint set forth, that on or about the 14th day of February, A. D. 1856, the said plaintiff was summoned to answer said Chauncey Baker, in a plea of trover to his damage of three thousand dollars, by summons issued out of and under the seal of the circuit court, for the county of Winnebago, returnable on the first Monday of May next thereafter. And that the plaintiff soon after the service of said writ, employed John R. Sharpstein, an attorney at law, to enter his appearance, and to attend to his interests and protect his rights therein, and that he was informed that said Sharpstein, who was a resident of Milwaukee, immediately wrote to R.

P. Eighme, an attorney at Oshkosh, county seat of Winnebago county, requesting him to enter plaintiff's appearance in said cause on or before the return day of said writ; that said Eighme was absent and did not receive said Sharpstein's letter, until after plaintiff's default was entered; and that by reason of said accident no appearance on part of plaintiff was entered, and that said inquest was taken in vacation at a comparatively large expense, when a regular term of court was to be held on the 1st of September, 1856, that an execution has been issued on said judgment and put in possession of H. L. Page, sheriff of Milwaukee · county, and that said Page, by virtue thereof, has levied upon plaintiff's property, and is about to advertise the same for sale; that he is informed and believes, the said John R. Sharpstein is irresponsible, and that the plaintiff has no remedy without aid of said court, and waives and releases all errors that have intervened in the entries of said judgment, and prays that said Baker and Page, their agents, &c., be restrained from selling plaintiff's property under and by virtue of said judgment and execution, and that Baker be restrained from interfering, &c., until further order, &c., and that upon final hearing of the cause, said judgment may be set aside upon such terms, and under such restrictions as to the court shall seem meet, and that a perpetual injunction may be granted restraining the said Baker, his agents and attorneys from ever more interfering with, or seeking to collect same—and that the said defendants pefect answer make to all, and singular, the premises upon their several corporal oaths, and that the plaintiff have such other and further relief in the premises as to the court shall seem meet—the said bill contained the usual prayer for subpœna, and injunction and was verified by plaintiff by the usual jurat—and that injunction was duly issued according to prayer of bill, and duly served—to which bill of complaint the defendant Baker afterwards put in a general demurrer,

which afterwards at the term of Milwaukee circuit court was overruled with leave to defendant Baker to answer. Defendant Page did not appear in suit.

And afterwards, Baker filed his separate answer, which set forth, after admitting the commencement of said suit, the entry of default and order for interlocutory judgment and writ of inquiry, issuing of writ of inquiry and the inquest in vacation, the amount of damages; and that on the 1st day of September, 1856, at September term, A. D. 1856, an order for final judgment was made and entered therein by motion in said cause in open court, and by order of said court; that he has no knowledge, but is informed that the said plaintiff did employ said Sharpstein in manner and form as alleged in complaint, and that he has no knowledge or information that the said Sharpstein wrote to said Eighme at the time and manner as therein alleged, and that owing to his absence did not receive said letter until after plaintiff's default was entered, and in consequence thereof plaintiff's appearance was not entered, and therefore neither admits nor denies the same, but leaves plaintiff to his proof; that he is informed by Gabriel Bouck, one of his attorneys in said cause, that in the month of June, A. D. 1856, he, the said Bouck, saw said Sharpstein in Milwaukee, and then and there informed said Sharpstein that plaintiff's default had been entered in said cause; that property claimed to have been converted in the declaration was two hundred tons of hay of the value of $2,000. Admits that the plaintiff was absent from the State on official business, but such absence was only temporary, and he had sufficient opportunity to see Sharpstein and inform himself of the progress of said suit. And that he had no knowledge or information when the plaintiff condescended to inform himself that said judgment had been obtained, or when he was informed thereof; and that the plaintiff at the January term, A. D. 1857, of the Winnebago circuit court,

made application to have said judgment vacated, and same was denied, and that the plaintiff did not condescend to make such application until the sheriff of Milwaukee had invited him to pay same; and that defendant's attorney in month of October or November wrote to plaintiff requesting him to pay said judgment, and that plaintiff did not condescend to reply thereto; denies that in the summer of 1854 he cut upon the Menomonee reservation any wild or tame hay; denies that he has had no hay taken from him to which he had neither a legal or equitable title or claim by said complainant, and denies that the said judgment obtained against plaintiff in said court is inordinate, illegal, oppressive and fraudulent; denies that he or his attorneys took an unusual method in assessing the damages, and that such assessment was had in vacation for the purpose of obtaining an erroneous judgment and for fear that if taken in open court the evidence would be too clearly investigated by the judge of said court, but that the time of taking said inquest was left solely to his attorneys; that defendant and his witnesses resided a long distance from the city of Oshkosh, and that he is informed and believes his attorneys had same taken in vacation as a matter of convenience rather than taking it during press of business in term time, and that the same was not had in vacation for the purpose of defrauding plaintiff in the premises, and that in said Winnebago county it is not an unusual course to have damages assessed in vacation, and denies that it was done at comparatively large expense; admits the issuing of execution thereon, placing same in hands of sheriff Page of Milwaukee, seizing and advertising property of plaintiff; that he does not know of his own knowledge that said Sharpstein is irresponsible, but on the contrary is informed and believes that said Sharpstein is responsible, and that the said Sharpstein is one of the editors of a weekly and daily newspaper in the city of Milwaukee, and like the plaintiff, is the fortunate holder of a

lucrative office under the general government of the United States; that said judgment was obtained in action against plaintiff for the conversion of a quantity of hay which defendant claimed, believed and now believes was converted by the said plaintiff or under his directions; that at the time of the commencement of his said suit the defendant fully and fairly stated his case in said action to Gabriel Bouck, his counsel, of the city of Oshkosh; and that upon the statement so made he was advised by his said counsel that he had a valid and substantial case and cause of action against the plaintiff upon the merits, which he believes to be true; that he gave no authority or instructions to his attorneys in said suit to take any undue advantage of said plaintiff in said said suit, and that he is informed and believes that in obtaining judgment therein, no undue advantage was taken of plaintiff, but same was obtained according to the rules and practice of said court; and that he has fully and fairly stated his case and cause of action in said cause to his counsel, and upon the statement made he is advised by his counsel that he had a good cause of action therein upon the merits, which he verily believes to be true.

General replication.

After hearing the evidence, the court found as follows: "At the September term, 1856, the defendant Chauncey Baker, recovered final judgment against the plaintiff, for the sum of $1,125 damages, besides costs; that the summons in the action in which said judgment was rendered, was returnable on the 1st Monday in May preceding, and that it had been served on the plaintiff some time in February; that before said return day, plaintiff retained J. R. Sharpstein, a lawyer in Milwaukee, to appear in the action and defend it. Mr. Sharpstein wrote to R. P. Eighme at Oshkosh, before or about the time of the return day, requesting him to enter an appearance in said action, but owing to the absence of said Eighme from home,

the letter was not opened till after default was entered in said action and the court adjourned for the term.

An inquest by a sheriff's jury was taken during vacation, and final judgment perfected at the September term as aforesaid : a motion to set aside the same was denied in conformity with the provisions of chap. 101, R. S., regulating defaults and the terms and conditions upon which they can be set aside. The proofs in this case establish clearly, in my opinion, the fact that Huebschman had a perfect and complete defence in that action, and that there was not the slightest foundation for the claim of the plaintiff in that action against Huebschman. But the defence was available to Huebschman in that action and the judgment must be considered final and complete, and beyond the interference of this court, unless he was prevented by fraud or accident from making his defence at law. I am of opinion that it is against equity and conscience to execute this judgment, and unless we are absolutely precluded by established principles from interfering, it is the duty of this court to grant relief. I think consistently with the rules applicable to cases of this kind, we are justified in granting a modified form of relief. The fact that Sharpstein, living in Milwaukee, wrote to a lawyer residing at Oshkosh, the place where the court was had, and requesting him to enter an appearance, the absence of the latter from home until the adjournment of the court, together with the fact that the letter remained unopened until it was too late to enter an appearance, establishes what amounts to an accident, and I understand this to be one of the recognized grounds of relief in such cases. It is worthy of note also, that the judge who denied the motion to set aside the default seems to have felt himself precluded by the absolute terms of the statute from granting it, so that there was no relief for Huebschman but in chancery. The prayer of the bill for a perpetual injunction must be so far allowed as to restrain

Baker from proceeding to execute the judgment he has obtained against Huebschman. The injunction, however, is to be inoperative if the said Baker will consent to set aside the judgment and default so that Huebschman may enter an appearance in said suit, and that the same may be tried upon its merits. Whenever the said Baker will enter into and file in the circuit court of Winnebago county a stipulation to that effect, to be approved of in the first place by this court, the perpetual injunction will be dissolved. Let judgment be prepared and entered accordingly." Which was done; from which judgment the defendant appealed.

*G. Bouck*, for the appellant.

*E. G. Ryan*, for the respondent.

*By the Court*, SMITH, J. This case presents several points of consideration, which were fully argued at bar, and which have been duly considered by the whole court.

We shall not now attempt to recapitulate the facts upon which the plaintiff founds his claim to the relief for which he prays. These will, doubtless, fully appear in the statement of the case preceding the report of this opinion. But in considering the equities presented by the pleadings and proofs, it will be necessary to refer to them in order to show clearly the principle upon which our judgment is based. And this principle was fully considered and established in *Merritt vs. Baldwin*, where, as the result of all the authorities bearing upon the subject, we decided that "equity will prevent a fraudulent, corrupt, or inequitable use of a judgment at law, even though regularly obtained." (See authorities there cited.) But the facts in this case show that the judgment was *fraudulently* obtained. Even admitting, (an admission unauthorized by

the facts,) that a trespass was in fact committed, the allegations and proofs show conclusively that Huebschman was an entire stranger to the act complained of, neither authorizing nor adopting it, and that in any event the damages were enormous. How, under the facts and circumstances of this case, it is conceived possible to permit the judgment to be executed against Huebschman, I am unable to perceive; indeed, we think a perpetual injunction might have been unconditionally decreed.

The answer of Baker is evasive and suspicious. The defendant sets out no facts which constitute a cause of action against Huebschman. Striving, as he does, to implicate Huebschman, he fails in his answer to show a cause of action against any person whatsoever upon the merits, as is essential is cases of this kind, when the bill or complaint clearly negatives a cause of action.

The rule in equity is indeed true, that the party seeking its aid to enjoin an inequitable judgment at law, must show that the plaintiff in the judgment had in fact no cause of action. This must appear by bill, complaint, or, in short, the pleadings and proofs, or upon interlocutory matters, affidavits, and proofs, according to the nature of the remedy prayed for at the time.

The proofs in this case show not the slightest cause of action on the part of the plaintiff in the judgment at law; he has not exhibited to the court of equity any proof of his claim for damages, though the bill of complaint challenged such defence. The cause of action in the original suit, therefore, stands not only unsustained but totally disproved.

The next point to be considered is, whether the complainant has, by his own laches, forfeited his right to claim the interposition of a court of equity to prevent the perpetration of this wrong, either upon the Indian tribes or their superintendent individually. We think not. His relation to this

tribe of Indians was purely official. Even in his official capacity he had made no order in the premises. As soon as he was served with process, he applied to the proper source for advice and the conduct of the suit, viz., to the district attorney of the United States for the district of Wisconsin. It would seem that it was the official duty of the United States district attorney to attend to all such cases; and whether or not, the complainant had a strict legal right to rely upon his official character, he did employ him to conduct the suit, and had a right to rely upon his diligence. He is alleged to be insolvent. He failed to attend to the case. Upon every principle of equitable jurisprudence, therefore, it is clear that the complainant is entitled to the relief for which he prays. The facts in the case fully warranted the decree. We must suppose that he is satisfied with it, and it must be affirmed as it is.

Decree affirmed with costs.