## COON v. JONES.

1. ALLEGATIONS: SETTING ASIDE SALE OF HOMESTEAD. An action may be maintained in equity to set aside the sale of a homestead under execution against the owner thereof.

2. DEMURRER. A court of equity will not declare a judgment void on the ground of the insufficient service of the notice in the suit in which

it was recovered, when the justice of the claim which was the basis of the action is not denied.

3. SAME.  A demurrer to the whole petition, one count of which presents a sufficient cause of action, should be overruled.

*Appeal from Keokuk District Court.*

FRIDAY, DECEMBER 9.

BILL to set aside a judgment rendered against the complainant in an action of which he had no sufficient notice; and also to set aside a sale of certain real estate thereunder because it was the homestead of complainant. Defendant filed a demurrer to the bill, which was overruled, and he appeals.

*Joseph Casey* and *C. H. Mackey* for the appellants.

No appearance for the appellee.

STOCKTON, J.—The demurrer was properly overruled as to so much of the petition as prayed that the sale and conveyance by the sheriff might be declared void and of no effect.

The petitioners aver that they were not duly served with notice of the suit in which judgment was rendered under which the land was sold; and they pray to be relieved from the said judgment and to have the same declared, void.

The averment that they were not duly served with notice of the suit, is not sufficient of itself to warrant a court of equity in relieving a party against the judgment. There is no denial of the justice of the claim sued on, and nothing appears from it to be inferred that upon a new trial, a different result would be attained.

As the demurrer reached to the whole petition, and as the plaintiffs were entitled to the relief sought as against the sheriff's sale and conveyance, the judgment of the District Court on the demurrer will be affirmed.

Judgment affirmed.