ALEXANDER W. ALBRO, impleaded with Thos. Williams *et al.*, Plaintiff in Error, *v.* CHAUNCEY L. DAYTON, Defendant in Error.

ERROR TO STARK.

A party who has slept upon his rights, failing to use his remedies at law, cannot, upon mere complaint as to his attorney, obtain relief in equity. He should show fraud, accident or mistake.

DEFENDANT in error, on the 6th day of July, A. D. 1859, filed his bill in equity in the Henry Circuit Court, against plaintiff in error and others, with an order indorsed by the judge of the 23rd Judicial Circuit for the writ of injunction.

Bill alleges, that in December, 1858, Williams, for the use of Stephen Albro, brought suit in attachment in the Henry Circuit Court, against Smith Lamb; that a writ of attachment issued therein, and was placed in the hands of plaintiff in error, as deputy sheriff of said Henry county, to serve, and that in obedience to said writ, he levied the same upon two mares, one two-horse wagon and a set of double harness, on the 27th day of December, 1858, as the property of Lamb.

That defendant in error, on the 7th day of January, 1859, commenced his suit in replevin, in the Henry Circuit Court, to the regular April term, 1859, against plaintiff in error, to recover the property so held by him, and thereby did obtain possession thereof. That at the special April term, 1859, of said court, defendant in error's attorney dismissed said replevin suit, and thereupon the judge awarded a *retorno habendo*, and without a jury, heard evidence and rendered a judgment for $135, against defendant in error, as damage for the wrongful detention of said property, from January 7, 1859, to April 6, 1859, and the costs of suit, taxed at $7.85. That a *retorno*

*habendo* and *fieri facias* were, at the filing of bill, in the hands of D. E. Norton, sheriff of Bureau county, who would execute the same unless restrained by injunction.

That said attachment suit was still pending in the Henry Circuit Court. That plaintiff in error was not entitled to any judgment for damage for detention of the property, because an officer. That said judgment was inequitable and unjust. That said attorney had no authority to dismiss said suit, and is responsible therefor. Bill prays an injunction against D. E. Norton, Alexander W. Albro, Thomas Williams and Stephen Albro, that said replevin suit be reinstated on the docket, and said injunction made perpetual.

At the special April term, 1860, plaintiff in error appeared by solicitors and entered his motion to dissolve said injunction, for want of equity appearing on the face of the bill. Motion overruled. Defendant in error to pay costs of said term. Leave given to him to amend bill and file supplementary bill. Defendant in error files the supplementary bill, alleging the abatement of said suit in attachment. On same day venue is changed to the county of Stark. On the 18th September, 1860, plaintiff in error files his general demurrer to the original and supplemental bill.

At the April term, 1860, of the Stark Circuit Court, E. N. POWELL, Judge, overruled demurrer, and, plaintiff in error abiding by his demurrer, entered a decree as follows, to wit:

"It is ordered, adjudged and decreed, that the said Alexander W. Albro, David E. Norton, Stephen Albro and Thomas Williams, be perpetually enjoined from any and all further attempts to collect the judgment mentioned in said bill, as having been rendered by the Circuit Court of Henry county, Illinois, at the special April term thereof, A. D. 1859, in favor of Alexander W. Albro, and against said complainant, (in which said complainant was plaintiff) for the sum of $135, and for a writ of *retorno habendo,* and also from any and all further attempts to execute the execution and writ of *retorno habendo* issued thereon. And it is further ordered, that the complainant pay the costs of said suit in replevin adjudged against him, and that the injunction in this cause be

dissolved so far as the same extends to such costs, and that the said defendant, Alexander W. Albro, pay the costs of this suit."

J. I. BENNETT, and H. BIGELOW, for Plaintiff in Error.

Equity follow the law, statute and common: 1st, *strictly*, when the law is plain and pertinent to the case; and 2nd, *by analogy*, when the law does not admit of literal application. Willard's Eq. Jur. 44, 45; Burrill's Law Dictionary, 427; Woodeson's Lect. 56; 1 Story's Eq. Jur. 64; 6 Paige, 292; 4 Johns. Ch. R. 149; *Murray* v. *Carter*, 20 Johns. 576; *Kane* v. *Bloodgood*, 7 Johns. Ch. R. 118; Fonb. Eq., lib. 1, p. 4, sec. 27, and notes.

A court of equity will not entertain jurisdiction where there is a remedy at law. *Rees* v. *Parish*, 1 McCord's Ch. R. 59; *Bell* v. *Beemen*, 3 Murphy, 273; *Tollison* v. *West*, Harper's Eq. 93; *Lamson* v. *Hunt*, 1 Root, 207; *Staniford* v. *Dewit*, id. 317; *Beardsley* v. *Curtice*, id. 499; *Fitch* v. *Broomfield*, id. 468; *Strong* v. *McDonald*, id. 364; *Bird* v. *Holaboard*, 2 Root, 35; *Pitkin* v. *Pitkin*, 7 Conn. 315; *Bailey* v. *Strong*, 8 Conn. 278; *Beach* v. *Norton*, 9 Conn. 182; *Davis* v. *Hall*, 4 Monroe, 28; *Ferguson* v. *Bullock*, 1 A. K. Marsh. 71; *Waggoner's Trustees* v. *M'Kinney*, id. 480; *Burns's Heirs* v. *Rowland*, 2 A. A. Marsh. 232; *Cummins* v. *Boyle*, 1 J. J. Marsh. 480; *Keys* v. *Miller*, 2 J. J. Marsh. 12; *Watts* v. *Hunn*, 4 Little, 267; *Williams* v. *Patterson*, 2 Tenn. 229; *Standifer* v. *McWharter*, 1 Stewart, 532; *Andrews* v. *Solomon*, 1 Peters' C. C. R. 356; *Coe* v. *Turner*, 5 Conn. 86; *Baker* v. *Biddle*, Baldwin, 394; *Bussy* v. *McKie*, 2 McCord's Ch. R. 26.

Chancery will not relieve where the party might have defended at law. *Walker* v. *Smith*, 8 Yerger, 238; *Murray* v. *Graham*, 6 Paige, 622; *Whiteside* v. *Rayle*, 3 Humph. Tenn. 205; *Veach* v. *Rennebaker*, 2 Bibb, 326; *Morrison's Executors* v. *Hart*, id. 4; *Cunningham* v. *Caldwell*, Hardin, 123; *Hampton* v. *Dudley*, 1 J. J. Marsh. 274; *Mack* v. *Cudiff*, 6 Porter, 549; *Moffet* v. *White*, 1 Little, 324; *Hurbard* v. *Hobson*, 1 Breese, 147; *Campbell* v. *Morrison*, 7 Paige, 157;

*Pollard* v. *Collins*, 8 Ohio R. 43; *Moore* v. *Dial*, 3 Stewart, 135; *Thomas et al.* v. *Hearn et al.*, 2 Porter, 177; *Mallory* v. *Mattock*, 10 Ala. 595; *Secor & Brooks* v. *Woodward*, 8 Ala. 500; *Fiske* v. *Hunt*, 3 Story's R. 587.

Equity, as well as law, favors those who are vigilant and active, not those who are negligent and sleep upon their rights. *Vigilantibus non dormientibus, jura subveniunt.* Broome's Legal Maxims, pp. 246, 247; *Stinnett* v. *Bank at Mobile*, 9 Ala. 320; *McKnight* v. *Taylor*, 1 Howard, 161; *Duncan* v. *Lyon*, 3 Johns. Ch. R. 360; *Burrows* v. *Doty*, 1 Harrington's Ch. R.; *Mack* v. *Doty*, 366.

Howe & North, for Defendant in Error.

Cited, 24 Ill. 295; 22 Ill. 161; 6 Johns. 296; 9 Wend. 514; 3 Hammond (Ohio) 518; 13 Ill. 623, 624.

Walker, J.   The bill in this case was exhibited, to enjoin the execution of a writ of *fi. fa.*, and a writ of *retorno habendo*, issued against complainant, and in favor of Albro. The bill charges, that a writ of attachment had previously issued out of the Henry Circuit Court, in favor of one Williams, for the use of Stephen Albro, and against Smith Lamb, which was executed by a levy on certain property, by Alex. Albro, as deputy sheriff, in whose hands the writ had been placed to execute. That complainant, claiming to be the owner of the property, sued out a writ, and replevied it, and employed counsel to prosecute the suit, who, without authority from complainant, or without giving him any notice, dismissed the suit. Thereupon the court heard evidence and assessed, and rendered a judgment for $135 damages, in favor of the deputy sheriff, for the detention of the property, and awarded its return to him.

It was upon this judgment, that the writs sought to be enjoined, had been issued. The bill also alleges, that complainant fears that his attorney was in the interest of the opposite party, and that he betrayed the rights of complainant, and that he fears the attorney committed an outrageous fraud upon complainant, and that the attorney is wholly responsible, as

complainant believes. By a supplemental bill it is alleged, that the attachment suit in which the property was taken, had been abated. To the bill a demurrer was filed, and overruled. A decree was rendered, making the temporary injunction perpetual, restraining the enforcement of the judgment in the replevin suit.

The bill fails to allege that complainant took any steps to prosecute his replevin suit, beyond the employment of an attorney. He did not attend the court; he did not cause his witnesses, if he had any, to attend; he did not have them subpœnaed, or furnish their names to his attorney, that he might have taken the necessary steps to procure their attendance. It fails to allege that any fraud was practiced upon him by the opposite party; or that he was prevented by any accident from obtaining a full and fair trial at law. There is a total failure to show diligence in the prosecution of his suit. The result was such as any prudent man would expect would follow such negligence and indifference to his rights. If he was the owner of the property, he had every means of establishing the fact on a trial of the replevin suit. Failing to establish that right, he must bear the consequences of his neglect. Where the remedy at law is complete, and a party has the opportunity to avail himself of it, a court of equity will never interfere, unless the result has been occasioned by fraud, accident, or mistake, where the party has been vigilant, and has not been guilty of *laches* in his efforts to preserve his rights, in the suit at law.

There is no pretense that there was any fraud on the part of the defendant in the replevin suit. Nor does anything appear that there was any accident or mistake, which the most ordinary degree of prudence could not have prevented. The mere allegation, that complainant fears that his attorney was in the interest of the opposite party, fears that he had betrayed his rights, and that he had committed an outrageous fraud upon him, that he believes the attorney to be wholly responsible, does not assert facts, but mere opinion, whether well founded or wholly groundless, we are unable to see from the bill, as no reasons or facts supporting these fears are given. Suppose

22

he does entertain such fears, what does it establish? Not that they are true, or that the attorney had alone produced the disastrous results he alleges exists. There is nothing in this allegation that can be traversed. Suppose it is true that he has such fears; it proves nothing material to the case.

We see by reference to the statute, that the time of holding the Henry Circuit Court was changed by the General Assembly, so as to occur a month earlier than it previously had. It may be, as it is urged, that this change prevented the complainant from being ready for trial, but even if it is so, it affords no excuse, as all persons are bound to know and regard all public statutes. It was the duty of complainant to know when the court would be held, and he cannot be heard to say he was ignorant. If his attorney was guilty of misconduct, or improper negligence, in conducting the replevin suit, by reason of which complainant has sustained damage, he has his remedy against the attorney. It is urged, however, that the attorney is alleged to be irresponsible. On the contrary, the allegation is, that he is " responsible." Intending to charge, as we understand the allegation, that the attorney by his conduct produced the disastrous result, and not that he is insolvent.

It is urged, that the deputy sheriff, not being the owner of the property, has no right to recover damages in this case. On this question we express no opinion, as the question is not now before us, and until it shall be presented in a direct proceeding, we deem it unnecessary to indicate any opinion. The demurrer admits that the attachment suit was abated, and if this is in fact true, it seems extremely hard that complainant should be held to pay this judgment, but he has slumbered upon his rights and failed to avail himself of remedies at law, which were ample and complete to protect his rights, if they had been employed. The hardship of a case is no ground for equitable relief. The decree of the court below is reversed, and the bill dismissed.

*Decree reversed.*