15    79
e119 745

## WAY v. LAMB *et al.*

1. PRACTICE: REVENUE STAMP. The appellate court will not, upon reviewing a motion to dissolve an injunction on the ground that no revenue stamp has been affixed to the petition or writ as required by law, in the absence of any, showing by bill of exceptions or otherwise that such motion was well founded in fact, interfere with the order of the court overruling the same.

Way v. Lamb.

2. PETITION FOR INJUNCTION. That a petition for an injunction is addressed to the Judge of the District Court generally, and to the Judge of the County Court, who is asked to order the writ, as to the part relating to such order, is no sufficient cause for dissolving the same on motion.

3. INJUNCTION BOND. An injunction to restrain the collection of a judgment on the ground that defendant had a good defense which he was prevented from setting up in the action in which it was recovered, by the fraudulent representations of plaintiff's attorney, does not seek to enjoin proceedings in a civil action, within the meaning of § 3778, Rev. of 1860 (§ 2194, Code of 1851), and the bond need not contain an undertaking "to pay any judgment ultimately to be recovered."

4. JURAT. Under § 2913 of the Revision of 1860, the officer making a certificate to an affidavit should state therein not only that it was *signed* in his presence, but that it was *sworn to before him.*

5. DEFENSE TO A NOTE. A set-off against the holder of a promissory note is not an equity which attaches to it so as to bind subsequent holders, whether the paper is indorsed before or after maturity. (*Lewis* v. *Denton,* 13 Iowa, 441.)

6. INJUNCTION: JUDGMENT AT LAW. A court of equity will not enjoin the execution of a judgment at law, when the complainant or judgment defendant fails to show a meritorious defense to the cause of action on which it was recovered.

*Appeal from Tama District Court.*

FRIDAY, JUNE 12.

INJUNCTION to stay the execution of a judgment at law. The material facts are stated in the opinion.

*J. H. Templin* and *W. H. Stivers* for the appellant.

*I. L. Allen* for the appellee.

WRIGHT, J.— I. Where, in a proceeding by injunction to restrain the collection of a judgment rendered by a Justice of the Peace, it was objected, as one of the causes in the motion to dissolve, that no United States revenue stamp was attached to the writ or petition, and canceled as required by law, the record not showing, by bill of excep-

tions or otherwise, that the motion was well founded in fact : *Held*, that there was nothing to show that the Court erred in overruling said motion. If such stamps were necessary, the presumption is, they were attached, and an allegation in a motion that they were not, is not sufficient to authorize us, after the court below has decided against appellant, to conclude that such motion was sustained by the facts.

II. That a petition for an injunction is addressed to the Judge of the District Court generally, and to the Judge of the County Court, who is asked to order the writ as to the part relating to such order, is no sufficient cause for dissolving the same on motion. At most this is but an informality, which can prejudice no one, and should be disregarded.

III. Judgment was rendered against appellant (Lamb) before a Justice of the Peace in 1858. A transcript was filed in the office of the District Court Clerk. In December, 1862, plaintiff in that action obtained execution and levied upon certain personal property, when the complainant applied for and obtained this writ to restrain the collection of said judgment, claiming that he had a good defense to the action at the time said judgment was rendered, and had been induced by the false and fraudulent conduct of the Attorney of the adverse party to believe that the said action had been dismissed, &c. The bond is conditioned to " pay all damages which may be adjudged against petitioner by reason of such injunction." *Held*, that petitioner does not seek to enjoin proceedings in a civil action, within the meaning of § 3778 of the Revision of 1860, and that the bond therefore need not contain an undertaking " to pay any judgment ultimately to be recovered."

IV. The certificate to the affidavit of verification following the petition is as follows :

Vol. XV.—11

" Subscribed in my presence and sworn to by Freedom Way, this 3d day of December, A. D., 1862, at my office in Toledo, Tama County, Iowa.

" T. A. GRAHAM,
" *Judge County Court, Tama Co.*"

It seems that petitioner asked leave to have this amended, but whether the correction was made, does not appear. That the certificate fails to meet the requirements of section 2913 of the Revision of 1860, is very clear. The officer should have certified that the affidavit was not only signed in his presence, but that it was also sworn to before him.

V. The remaining question is, whether complainant's bill shows that he is entitled to the relief asked. It seems that he was duly served with notice of the pendency of the action before the justice; that a few days before the trial he received a letter from the plaintiff's attorney, informing him that the suit had been discontinued; that he relied upon this information, and failed to attend before the justice; that on the return day judgment was rendered against him, of which he had no knowledge until in February, 1860; that he then supposed it was a mistake, and plaintiff would not enforce it. The meritorious defense is stated thus: " On or about the 22d of March, 1858, the note on which said judgment was rendered was owned and held by Courtland Boyer; that at that time said Boyer was indebted to plaintiff in the sum of one hundred dollars, and over, on account of lumber destroyed, and a horse killed by him; that on said 22d day of March, and while said note was held and owned by said Boyer, plaintiff notified him that he should consider said note as paid, and said amount due from Boyer to him as a payment of said note, and should consider said note paid, and a balance coming to him, to which said Boyer made no reply; that he has not collected from said Boyer said claim; that said note was held by said Boyer until after

Way v. Lamb.

the same became due; that Lamb has no interest in fact in said note; that he is not the real party in interest, and was not at the date of the judgment."

Passing the questions, whether complainant's remedy was not against the attorney for the fraud, and whether he should not have moved to set aside the judgment, we remark that he fails to show any defense to the note, any reason for enjoining the collection of the judgment rendered thereon.

It will not be pretended of course that he shows payment, or anything that approximates it, in a legal sense, ever so remotely. The most that he shows is, that he held a set-off against a party who once held or owned the note. This is no defense to the note, and could not avail complainant against a subsequent holder, though he took the note after due. A set-off against the holder of a note is not an equity which attaches to it, so as to affect subsequent holders, whether the paper is indorsed before or after maturity. (There is no allegation that the note is still the property of Boyer.) *Lewis* v. *Denton*, 13 Iowa, 441. And that complainant must show that he has a defense to the action, or make such a case as will satisfy the court that if a new trial is had a different result will be obtained, we entertain no doubt. If the result is to be the same, no court should open the door for further litigation. A party in such a bill must show a meritorious defense to the claim.

If there is no injury, the party does not need, nor is he entitled to any remedy. *Piggott* v. *Addicks*, 3 G. Greene, 427.

Reversed.