# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## SECOND GRAND DIVISION.

JANUARY TERM, 1869.

HUGH SMITH *et al.*

*v.*

STARKY R. POWELL *et al.*

1. CONTINUANCE—*of motion to dissolve injunction.* It is not error to refuse an application to continue a motion to dissolve an injunction, based upon an affidavit which simply states that the complainant expects to disprove the answer (which denies the allegations of the bill), by certain unnamed and unlocated witnesses. It should be shown what facts can be proven by the witnesses, and their names and residence.

2. JURISDICTION IN CHANCERY—*when there is a defense at law.* Where by the use of ordinary diligence and precaution, a defense could have been made available upon the trial of a suit at law, no relief will be granted in equity.

3. A party cannot resort to chancery to deliver himself from a judgment which includes usurious interest, when he had an opportunity to defend against the recovery of the judgment.

4. So, while it may not be said a court of chancery should never open a judgment on application of sureties to let in a defense of usury, yet where sureties, upon being sued, neglect to ascertain from their principal the character of the transaction, and do not attempt, in any way, to make a defense at law, a court of chancery will not interfere.

5. CHANCERY—*neglect of one's attorney.* The fact that a party against whom a default has been taken in a suit at law, applied to an attorney to make a motion to set aside the default, and the attorney failed to make the motion, is no ground for relief in chancery.

6. SUGGESTION OF DAMAGES—*on dissolution of injunction—when not necessary.* Damages may be awarded upon the dissolution of an injunction granted to restrain the collection of a judgment at law, without the filing of suggestions in writing. In such case the practice is governed by the act of 1845 on that subject, and not by that of 1861*.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was a bill in chancery, to set aside a judgment at law, and enjoin further proceedings against certain of the complainants.

The bill alleges that the complainants, Green, Carpenter and Crinion, as sureties, and Smith as principal, gave a promissory note to the defendant, Powell, for $1,000, payable one year after date, with interest at 10 per cent., for money loaned Smith; that upon discounting the note, Powell charged and collected of Smith $30 usurious interest, more than specified in the note, and in consideration thereof agreed to extend the time of payment of the note to five years from its date; and that the usurious interest so reserved and the extension of the time of payment so agreed upon, were without the knowledge or consent of the sureties; that a judgment was afterwards recovered by default, in favor of the said Powell against all the complainants, upon the said note, and before the sureties had knowledge of any defense to the action; that complainant, Smith, was unavoidably absent (attending a funeral) at the

---

*See also *Shaffer* v. *Sutton,* 49 Ill. 506.

time of the rendition of the judgment; that upon his return he attempted to procure the judgment to be set aside, and applied to an attorney to do so, but that his said attorney was induced to desist and suffer it to remain, by the false representations of the said Powell, which the complainant did not learn to be false until after the final adjournment of that term of the court; that an execution was issued and, by the other defendant, Schnell, levied upon the property of the sureties. And the sureties claim, on their own behalf, in and by the said bill, that the defendant Powell's new contract with their principal, extending the time of payment, being made without their knowledge or consent, released them from all liability on the note; or if any liability remained it would be for the principal sum only, the interest being forfeited by usury; and the complainant Smith, for himself, also claims that the interest is forfeited. The bill waives an oath to the answer, and prays, specifically, for an injunction restraining further proceedings against the sureties, and from proceeding against the principal (Smith) until the expiration of the five years, and from collecting any interest upon the said note. The bill was sworn to by the complainant Smith.

An answer was filed—sworn to by defendant Powell—denying all the material allegations of the bill, and praying a dissolution of the injunction, assessment of damages, etc. A general replication to the answer was duly filed.

Afterwards the complainants moved for a continuance of the motion to dissolve the injunction, and supported their motion by their own several affidavits, on the ground that the allegations of the bill were true, and those of the answer false, and that all this could be proved by witnesses whose testimony they had been unable to procure since the filing of the answer, but expected to be able to procure by the next term. The affidavits do not give the names or residence of any of the witnesses, nor what facts the affiants expected to prove by any of them, excepting in very general terms—to prove the allegations of the bill and disprove those of the answer. The

defendants filed two counter affidavits, tending to disprove the allegations of the bill as to the employment of an attorney by Smith to procure the default to be set aside, and as to the usury.

Thereupon the court dissolved the injunction and dismissed the bill for want of equity, and assessed five per cent. damages on the amount of the judgment, and decreed complainants to pay costs, etc., and in default thereof for 30 days, ordered an execution to be issued.

To this ruling and decree the complainants excepted, and assigned as errors: 1st, overruling the complainants' motion for a continuance; 2d, dissolving the injunction and dismissing the bill; 3d, assessing damages without "suggestions in writing being first filed, setting forth the nature and amount of the damages claimed," and without hearing any evidence on that point.

Messrs. CHAPMAN, HENDERSON & RIGGS, for the plaintiffs in in error.

MR. H. CASE, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

We are at a loss to perceive any merits whatever in the plaintiff's case, and the court did right in dismissing the bill, as there is not a semblance of equity in it.

While we do not say a court of chancery should never open a judgment on application of sureties to let in a defense of usury, the fact in this case so clearly appearing, that the complainants did not consult their principal when process was served upon them, for the purpose of ascertaining the exact character of the transaction, or attempt, in any way, to make a defense at law, taken in connection with the character of the defense now pretended, forbids us from interfering.

The point of objection, that the court refused to continue the motion to dissolve the injunction, has no force. The statute provides when such motion is made, if the complainant will satisfy the court by his own affidavit, or the affidavit of any disinterested person, that the answer or any material part of it, to be specified in such affidavit, is untrue, and that he has witnesses whose testimony he believes he can procure by the next term of the court, who will disprove the answer, or such material part of it as may be specified, and that he has had no opportunity to procure such testimony since the coming in of the answer, the court may continue the motion until the next term. Rev. Stat. 383, sec. 13.

The answer in this case was a denial of the statements in the bill, and in the affidavits filed by complainants there is not to be found the name of a single witness, nor their residence, nor the facts they will prove, but simply, that they expect to disprove by some unnamed and unlocated witnesses, the answer. Such affidavits surely could not "satisfy" any court competent to administer the law, that the answer was untrue, and that affiant had witnesses to disprove it.

We have said there was no equity on the face of the bill, and if there was none, a continuance of the motion would have been of no avail. There was no equity, because the sureties, complainants, showed no diligence to find out from their principal (Smith) the precise nature of the transaction, and Smith himself let judgment go by default, and he never informed his sureties there was any defense of usury or otherwise, to the note. The sureties might have, by the use of ordinary diligence, attained a knowledge of the defense to the note, and they are inexcusable for not exercising it. A party cannot claim the benefit or aid of a court of equity, who has been guilty of *laches* in protecting his rights, unless such *laches* may be imputable to the party claiming against him, of which there is no pretense in this case. *Dickerman* v. *Burgess*, 20 Ill. 266; *Ballance* v. *Loomis*, 22 ib. 84; *Owen* v. *Ranstead*, ib. 161, and numerous other cases to the same purport might be

cited, that being the doctrine of this court since its first organization. And in a case of usury, this court said in . *Lucas* v. *Spencer*, 27 Ill. 15, that a party cannot resort ᵥto chancery to deliver himself from a judgment which includes usurious interest, where he had an opportunity to defend against the recovery of the judgment.

But plaintiffs say after the judgment by default was rendered, they applied to Mr. Case, an attorney of the court, to move to set aside the default. This is contradicted by the affidavit of Mr. Case, and besides, if he had been applied to, and failed to make the motion, that would be no ground of relief in chancery, as this court said in *Albro* v. *Dayton*, 28 Ill. 325.

In *Ramsey* v. *Perley*, 34 ib. 504, this court said the rule was well settled, that where by the use of ordinary diligence and precaution, a defense could have been made available upon the trial of a suit at law, no relief will be granted in equity.

The remaining point is the assessment of damages on the dissolution of the injunction. It is clear the act of 1845 applied to this case, and not the act of 1861, and the assessment was proper under the first named act.

There being no error in the record, the decree must be affirmed.

*Decree affirmed.*