A. W. CARTER AND ANOTHER v. E. H. H. GRIFFIN.

1—Where an injunction of a justice's judgment was sought on the ground that the judgment was rendered without service of process on the petitioner, but the petition does not negative his appearance or waiver of service, and it is apparent of record that he caused the judgment to be stayed, and it is not averred that injustice has been done him, the presumption is in favor of the judgment of the Justice's Court, and there was no error in dissolving the injunction on motion.

2—Though an answer to a petition for injunction must be verified by the oath of the party filing it, yet when the petition was dissolved on motion for insufficiency, it is immaterial that an unsworn answer, or no answer at all, was filed.

ERROR from Dallas. Tried below before the Hon. A. B. Norton.

In their petition for injunction, A. W. Carter and J. P. Lawrence alleged that E. H. H. Griffin, who was plaintiff in the judgment in the Justice's Court, "had no such cause of action against them, and that no process was ever served upon them." A preliminary injunction having been granted, it was dissolved at the Spring term (1869) of the Dallas District Court, on the motion of the defendant, who was plaintiff in the judgment enjoined. The motion was on account of the insufficiency of the petition; and an unsworn answer was filed at the same time. In dissolving the injunction the District Court rendered judgment against the plaintiffs and the sureties on their bond for the injunction; from which judgment they prosecute this writ of error.

*J. P. Lorance*, for plaintiffs in error.

1. The equity of the bill or petition was apparent in this: the bill and petition both deny the existence of any right or cause of action against Lawrence in the Justice's Court, and also denies service on him (Lawrence). The record or transcript of the justice does not disclose any service. The judgment was by default. It is a well established and settled principle of law that the party must either be served with citation, or appear in person or by attorney in open court, and waive service.

2. The second assignment of error—The motion to dissolve admits all the facts and averments set forth in the petition, and the judgment is not warranted by the facts. A motion to dissolve is in the nature of a demurrer, and admits all the facts stated in the petition. (Floyd v. Turner, 23 Tex. R., p. 279.)

3. The third assignment—The answer was not sworn to. (See Sayles' Practice, 264, and the authorities there cited.)

4. The fourth assignment has been disposed of in treating of the first.

5.   The fifth assignment of error—The pretended judgment rendered by the justice on the 26th day of November, 1859, was dormant, and the executions issued thereon void and inoperative.   This judgment was controled by the law in force at the rendition of the judgment, and which required the execution to issue within twelve months, and then regularly from term to term, using due diligence until the judgment was satisfied.   (DeWitt v. Jones, 17 Tex. R., 620; Bennett and wife v. Gamble, 1 Tex. R., 124; Scott & Rose v. Allen, Ibid, 508; Hall v. McCormick, 7 Tex., 269; Graves v. Hall, 13 Tex. R., 379.)

No brief for the defendant in error.

MORRILL, C. J.—This was a petition for injunction, filed in 1868, upon a judgment rendered in a Justices' Court in 1860, because there was no service.

As the petition does not negative the appearance and waiver of service of defendant in the Justice's Court, and as it appears affirmatively that the defendant caused the judgment to be stayed in the Justice's Court, and as it is not averred that injustice has been done, the presumptions are in favor of the correctness of the judgment of the Justice's Court.

The plaintiff excepts to the judgment of the District Court, whereby the injunction was dismissed on motion, because the answer was not supported by the oath of defendant.

It is true that the statute requires all petitions for and answers to injunctions to be verified by the affidavit of the party filing the same.   (P. Dig., Art. 3929.)

But as the case went off upon motion of defendant, and did not require any answer, the requirements of the statute were not applicable to the case.

Judgment affirmed.