STEPHEN KERN

*v.*

SAMUEL D. STRAUSBERGER *et al.*

CHANCERY—*will not afford relief against a judgment at law obtained through the negligence of defendant.* A bill in chancery, filed for relief against a judgment at law, alleged that, when the summons in the suit at law was served on the complainant, he at once employed a reputable attorney, but who was pecuniarily irresponsible, and exhibited to him a receipt against the claim upon which the suit at law was brought; that the attorney told him the receipt was a good defense to the action, and that he, the attorney, would attend to it, and that complainant need not give himself any further trouble about it, and that complainant heard no more of the suit until the execution was served upon him. The bill also showed a complete defense to the suit at law: *Held*, that the negligence of the attorney was the negligence of the party, and that he was guilty of such *laches* that he could not invoke the aid of a court of equity to relieve him against the judgment.

APPEAL from the Circuit Court of Vermilion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Mr. EDWARD H. BRACKETT, and Mr. LUKE REILLY, for the appellant.

Mr. C. M. SWALLOW, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was for an injunction and relief against a judgment recovered by appellees, against appellant, in the county court of Vermilion county, by default.

The suit in the county court was brought against appellant, and a number of other persons, said to compose the firm of "Kern Brothers," but service was had only on appellant.

It is alleged in the bill, the account upon which the action was brought had previously been paid by A. S. Kern, a member of the firm of Kern Brothers. A copy of the receipt taken is filed and made an exhibit in the cause.

On the question of diligence, it is alleged the summons was served on appellant, on the 7th day of January, 1873, to appear at the next ensuing term of the county court; that, as soon as he was served with process, he employed John P. Norvell, who is alleged to be a reputable attorney, but pecuniarily irresponsible, to conduct the defense of his cause; that he exhibited to his attorney the receipt against the claim, was assured by him it would constitute a complete bar to the action, and that he need not give himself any further trouble about the cause, as he would attend to it for him.

It is not alleged appellant gave any further personal attention to the defense of the suit, but relied wholly on the diligence of his attorney. He states he heard no more of the case until execution, which had been issued on the 18th day of February, was served on him. On the 24th day of February, he sued out a writ of error, and obtained a *supersedeas* from the circuit court. At the September term following, the cause was heard in the circuit court, the judgment of the county court affirmed, and immediately thereafter this bill

was filed. The circuit court denied the motion for an injunction and dismissed the bill for want of equity. That decision is assigned for error.

The defense alleged to exist against the suit in the county court is shown to be complete at law, and had appellant made it in that court, it would, no doubt, have prevailed.

The right to relief is predicated on the distinct ground appellant, as soon as he was served with process. employed competent counsel to defend the suit, and that he was guilty of no *laches* in relying on the diligence of his attorney.

There are courts of the highest authority which have held the doctrine contended for, that relief may be decreed' in such cases where it is alleged, as in this case, the attorney, whose negligence caused the injury, is insolvent. and a suit against him would be unavailing. To this effect is *Herbschman* v. *Baker*, 7 Wis. 542.

Counsel cite *Griggs* v. *Gear*, 3 Gilm. 2, in support of their view of the law, but we do not think it is an authority in point. Relief was granted for the reason the attorney had entered the appearance of the complainants in a cause without any authority whatever. Without any knowledge of the pendency of the suit. a decree was subsequently rendered against them for $36,000. It being shown the attorney was insolvent, it was held the complainants were equitably entitled to relief. That case is very different in its facts from the one at bar. It will be observed, the defendants were guilty of no negligence whatever in suffering the decree to go against them.

The general doctrine is, the negligence of the attorney is the negligence of the party himself, and we are inclined to the opinion, in the absence of special circumstances making it equitable for the client to have relief, it is the better rule. *Albro* v. *Dayton,* 28 Ill. 325; *Smith* v. *Powell,* 50 ib. 21; *Spaulding* v. *Thompson,* 12 Ind. 477; Freeman on Judgments, sections 112 and 503.

In *Albro* v. *Dayton*, it was declared, a party who has slept on his rights, failing to make his defense at law, upon mere complaint of his attorney, can obtain no relief in equity.

In *Smith* v. *Powell*, it was held, the fact a party, against whom a default had been taken in a suit at law, applied to an attorney to make a motion to set aside the default, and he failed to do it, is no ground for relief in chancery. It follows, from the reasoning of these cases, the negligence of the attorney can not be made the subject of relief, unless it would be excusable if attributable directly to the client.

It is apprehended it can make no difference, in principle, whether the attorney is solvent or insolvent. The cases are decided on the theory the party is himself guilty of *laches* in relying on the diligence of his attorney, and that he is not excusable for failing to make his defense at law simply because he employed counsel to do it for him. Indeed, the combined diligence of both is required. Otherwise, the party has not availed of all the means the law has placed in his hands to enable him to make his defense. This he must do before he can invoke the aid of a court of chancery.

There is no allegation as to how it happened the attorney employed failed to appear and make a defense for appellant in the county court, nor is it very material, so far as this case is concerned. The bill is barren of any allegation that shows diligence on the part of appellant. He ought to have prepared for the trial of the cause, by procuring the attendance of his witnesses, or their depositions. Circumstances may have suddenly arisen that rendered it impossible for the attorney employed to attend on the court. The law gave him a day in court, and, having failed to avail of his privilege to make his defense, he can not invoke the aid of equity to relieve against the consequences, however grievous, of his own inexcusable neglect.

The bill was properly dismissed, and the decree is affirmed.

*Decree affirmed.*