D. C. HARRISON ET AL. V. A. CRUMB.

(No. 1174, Op. Book No. 2, p. 196.)

APPEAL from Tarrant County. Opinion by WALKER, R. S., P. J.

§ **991.** *Injunction; rules relating to.* The injunction and the powers of a court of equity are not dedicated to the protection and guardianship of persons who may suffer from erroneous or even void proceedings, whose culpable laches, neglect, inattention and utter failure to employ the means afforded by the law for their timely protection has alone provoked the necessity for making an appeal to the equitable power of the court for relief against the consequences of such neglect; nor for relief in cases where it is not made to appear that the complainant has no adequate remedy at law against the threatened injury. A party seeking to enjoin a judgment must show that the plaintiff had no cause of action or that he had a meritorious defense to the action. That a defense which he failed to make would have been available. [7 Wis. 542; 15 Iowa, 79; 23 Vt. 720.] That the judgment is clearly contrary to equity and good conscience. [7 Wis. 595; 1 Stockt. 246; 11 Wis. 389; 10 Iowa, 131; 12 Wis. 81.] Equity will not enjoin a judgment merely on the ground of error. [8 Blackf. 407.] A party failing in his application at law for a new trial will not be relieved in equity, at least upon the same merits already discussed, and fully within the discretion of the court of law. [1 Oregon, 295; Hilliard on Judgm. p. 177, note "a."] The general rule is that equity will grant relief against a judgment which is against conscience, or the justice of which can be impeached by facts, or on grounds of which the party could not avail himself at law, or which he was prevented from availing himself of by fraud, accident, mistake or act of the opposite party, without any negligence or fault on his own part. [Hilliard on Inj. 177.] Before equity will grant relief,

three things must concur: ignorance of the defense when the judgment was rendered; diligence on the part of complainant, and that adequate relief cannot be had at law. [Hilliard on Inj. 178.] A judgment regular on its face cannot be enjoined unless a defense is shown. [20 Iowa, 236.] An injunction will not lie against a judgment and execution void on their face, and a complaint so alleging, though adding the insolvency of one defendant, is bad. [31 Cal. 170.] Equity will not interfere, but will leave the party to seek his remedy at law. [High on Inj. § 131; 20 Wis. 639.] This rests upon the principle that a court of equity will require it to be shown that the plaintiff will suffer an injury for which he will have no adequate redress at law, as where the parties complained against are all insolvent, and therefore unable to respond to him in damages. Equity will not enjoin a judgment merely for defect of jurisdiction [11 Wis. 389; 10 Iowa, 131], or for irregularity or want of service, unless substantial injustice has been done. [10 Iowa, 131; 12 Wis. 81.] Equity will not relieve against proceedings at law except for fraud, accident, surprise or manifest injustice, unmixed with fault or negligence on the complainant's part. [21 Cal. 438; 3 Kelley, 226; 7 Cal. 50; 7 Humph. 39.] Relief will not be granted by staying proceedings at law after a verdict, if the party applying has been guilty of laches as to the matter of defense, or might, by reasonable diligence, have procured the requisite proofs before trial. [2 Story's Eq. § 895.]

§ 992. *Same; petition for, should show what.* The petition for injunction should state all, and negative all, which is necessary to establish a right, and to show diligence. [Carter v. Griffin, 32 Tex. 212; Bryan v. Knight, 1 Tex. 180.] The rule of pleading that the statements of a party are to be taken most strongly against himself is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from

which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief. [Carter v. Griffin, 32 Tex. 212; Martin v. Sykes, 25 Tex. Sup. 197.]

§ 993. *Same; limitation as to injunction to restrain collection of judgment.* A judgment will not be enjoined for causes existing at the time of its rendition, after the lapse of one year from the date of its rendition, except in the instances enumerated in the statute. [R. S. 2875.] But this provision of the statute does not apply to causes arising subsequent to the rendition of the judgment. [Beardsley v. Hall, 9 Tex. 120; Clegg v. Varnell, 18 Tex. 294.]

February 21, 1881.          Reversed and dismissed.