Nash *v.* Wetmore.

---

NASH and others, trustees &c., *vs.* WETMORE and others.

Where, in an action commenced since the code took effect, the defendants appeared, but made only a partial defense, and material facts tending to establish, and probably sufficient to maintain, a further defense, to a large amount, were omitted to be pleaded and proved, for the reason that such facts, and the evidence thereof, were not known to the defendants until after the trial, but such facts were discovered by them after judgment was rendered and an appeal taken; *Held* that this was a proper case for relief, upon a motion to set aside the judgment and for a new trial, notwithstanding the judgment had been entered, and an appeal taken therefrom.

IN 1847 an attachment was granted by a justice of this court against the estate of Coates & Co., as insolvent debtors, under which attachment and the proceedings therein the plaintiffs were appointed trustees. And in that capacity they, in October, 1849, brought this action against the defendants, for certain property and the proceeds thereof, alleged to be held by the defendants, belonging to Coates & Co. or to their estate. The defendants claimed by answer to have received and to hold said property (consisting of acceptances and notes,) and the proceeds thereof, as agents, and for account of, George Peabody of London, England, for and to secure the payment of £5000 alleged to have been advanced by Peabody on the security thereof, and also the debts of Coates & Co. to Peabody to a large amount. The case was tried at special term, and judgment rendered against the defendants, which was entered on July 15th, 1858, for a large amount ; from which judgment the defendant, on August 19th, 1858, appealed to the general term. In making this decision the court at special term held certain transactions in relation to said property in the hands of the defendants did not, as was contended by them, amount to an assignment of such property to the defendants or their principal, George Peabody, but that the property was subject to and held by the attachment which had been issued against the estate and property of Coates & Co., for the benefit of their creditors.

In July, 1859, George Peabody made affidavit that prior to 16th of December, 1847, having been informed by Coates & Co. that they had instructed their agent, Roberts, to transfer the property in question to the defendants, for his (Peabody's) benefit, and of the amount of such property, he, in reliance thereon and on that security only, delivered up a good bill of exchange for £2000, which he held as security for his account with Coates & Co. And supposing that the orders of Coates & Co. to Roberts, and the acts thereon, amounted to an assignment, he did not communicate this fact to the defendants until after he saw the case made in

Nash *v.* Wetmore.

this action. And then, by letter dated 10th of May, 1859, he communicated these facts to the defendants. On this affidavit of Peabody, and proof that the defendants had no knowledge of the facts therein stated until communicated to them by said letter of 10th of May, the defendants obtained an order at special term, on the 7th of December, 1859, that said judgment be set aside and a new trial granted; that the evidence already taken in the case be used on such new trial; and that the defendants have leave to issue a commission to take the testimony of George Peabody and other witnesses; and staying the plaintiff's proceedings in said suit on payment by the defendants of the costs of the trial had, and the subsequent proceedings and of the motion. From this order the plaintiffs appealed.

*By the Court,* BONNEY, J. I concur with the justice by whom this order was granted, in the opinion that the defendants have made a proper case for relief, if their application is in time; and the only question is whether they can be permitted to make this motion, after judgment has been entered in the action and an appeal taken.

The cause was tried at May special term, 1858; judgment was rendered on the 1st of July and entered on the 15th of July, 1858, from which the defendants, on the 19th of August, 1858, appealed to the general term, and on the 31st of August, 1859, they gave notice (by order to show cause,) of motion, for the 8th of September then next, to open the judgment and for a new trial, on the ground of newly discovered evidence, and for other relief, which motion was granted.

Before the code, as I understand the practice to have been, a motion for a new trial in an action at law on the ground of newly discovered evidence, could not be made after judgment had been perfected, (*Jackson* v. *Chace,* 15 *John. R.* 354,) except as authorized by the act of 1832, (*Laws of* 1832, *ch.* 128 *p.* 188,) which provides that, where in any personal ac-

tion, any bill of exceptions shall be taken, demurrer to evidence put in, case made, *or notice of motion given for new trial on newly discovered evidence*, and the proceedings shall not be stayed, the party in whose favor the verdict is rendered may perfect his judgment and issue execution. But it shall nevertheless be lawful for the other party to proceed to obtain a hearing before the supreme court upon the matters in question, &c. It is not necessary now to inquire whether this act has been repealed; because, in this case, no notice of motion for a new trial was given *before judgment* was perfected, and consequently the act, if still in force, does not in terms apply.

By the code (§ 174) the court is authorized, in its discretion and upon such terms as may be just, *at any time within one year after notice thereof*, to relieve a party from a judgment, order, or other proceeding taken against him, through his *mistake, inadvertence, surprise, or excusable neglect, &c.;* but the year within which a motion might (perhaps) have been made under this section, for relief in this action, expired before notice of motion was given. The defendants appealed from this judgment on the 19th of August, 1858. Of course they then (if not before) had notice of the judgment. And the order to show cause, upon which the order now before us was made was not obtained until 31st August, 1859—more than a full year after the appeal. In the case of *Mersereau* v. *Pearsall*, (6 *How. Pr. R.* 295,) cited as express authority for the decision from which this appeal is taken, a justice of this court at special term expressed the opinion that a motion for a new trial or rehearing on the ground of newly discovered evidence may be made and granted, after judgment is entered on the report of a referee; but in that case the decision was put upon another ground, and the motion for a new trial was denied. In the cases of *Rapelye* v. *Prince*, (4 *Hill*, 119,) and *Barnes* v. *Roberts*, (*MS.* in superior court,) motions were made for new trials on the ground of surprise, and the decisions denying the motions on

Nash *v.* Wetmore.

the ground that they were too late after judgment had been perfected, although not exactly in point, are in principle adverse to the decision now in question, if this case is to be considered as an action at common law. The plaintiff, however, insists, and I think correctly, that this action is in the nature of a suit in equity for an account, and it was treated as an equitable action, at special term. Before the code it was well settled, upon authority, that the court of chancery had power, even after enrolment, to open a regular decree obtained by default, and to discharge the enrolment, for the purpose of giving the defendant an opportunity to make a defense upon the merits, when he had been deprived of such defense either by mistake or accident, or by the negligence of his solicitor. (*Beekman* v. *Peck*, 3 *John. Ch. Rep.* 415. *Millspaugh* v. *McBride*, 7 *Paige*, 509. *Tripp* v. *Vincent*, 8 *id.* 176.) In the principal case the judgment was not obtained by default, but only a partial defense was made, and material facts tending to establish, and (as it now appears) probably sufficient to maintain, a further defense, to a large amount, were omitted to be pleaded and proved, for the reason that such facts and the evidence thereof were not known to the defendants until after the trial, but have been discovered by them since judgment was rendered and an appeal taken.

Under the circumstances, the defendants, in my opinion, are entitled, under the principle of the decisions last above referred to, to the relief which has been granted them, and the order appealed from should be affirmed with costs.

[NEW YORK GENERAL TERM, November 7, 1860. *Sutherland, Bonney* and *Mullin*, Justices.]