Edward L. Hinrichsen, Plaintiff in Error, *v.* Ransom Van Winkle *et al.*, Defendants in Error.

ERROR TO MORGAN.

A court of chancery will relieve against judgments obtained by fraud or by unavoidable accident; if there has been no fault or negligence on the part of the defendant in making his defense. But not if there has been such fault or negligence.

July 20, 1859, complainant filed his bill in the Morgan

Circuit Court, alleging, that on March 24, 1862, complainant, Harry Reinback and Hiram Van Winkle were partners, as merchants, at Franklin, Illinois, under the name of Reinback & Van Winkle, complainant being only silent partner, and not taking active part in the business. In fall of 1852, the firm was dissolved, Van Winkle selling out his entire interest to other members, all the assets going into the hands of Reinback, with all papers, vouchers, etc., who was to collect in money due said firm, and pay the debts of said concern. That in schedule made out for use of complainant, at that time, no debt, such as is hereinafter mentioned, was included. One Ransom Van Winkle held a note against said firm, which was a part of said firm indebtedness; that Reinback managed the business loosely and negligently, and divers suits were brought against said firm; that in September, 1857, Ransom Van Winkle commenced his suit, in the Morgan Circuit Court, against said firm; that he filed his plea of the general issue, and then applied to Reinback for information as to said debt, who gave no satisfactory account of the same; that Hiram Van Winkle was then a resident of another county. Reinback failing to defend, judgment was rendered against defendants for $251.31; said suit based on a paper in handwriting of Hiram Van Winkle, as follows :

"FRANKLIN, March 24th, 1857.

"Rec'd of Rans. Van Winkle two hundred and forty-nine dollars and fifty cents, to be paid on demand.     REINBACK & VAN WINKLE."

No service on, or appearance in said suit by Hiram Van Winkle, but judgment was rendered against all the defendants. Complainant, after gaining all the information he could get in suit, sued out a writ of error from the Supreme Court, to reverse said judgment; but to prevent that, Reinback and Hiram Van Winkle, in fraud of the rights of complainant, released the error, and prevented the reversal. That Ransom Van Winkle is a careful business man, and would not have permitted said debt to remain without interest, if it was *bona fide* due.

Charges, that receipt was given for money left with firm temporarily ; was not for their benefit, and was taken up by Ransom Van Winkle, and the receipt left outstanding, or if taken up, was again fraudulently given out to him to sue complainant.

Charges, that Van Winkle did not claim to hold complainant liable for said debt till suit was brought—that same was in fact controled by Harry Reinback; believes if money is collected from complainant, that Reinback will be benefited by

the same; that said original judgment was recovered by fraudulent combination of Ransom Van Winkle and Harry Reinback; said firm does not owe said money in justice. That now Ransom Van Winkle insists on sheriff, I. S. Hicks, making the whole of said debt off of complainant; that the same is, in fact, controled by Harry Reinback; that said Hicks is about to proceed to sell complainant's real estate; prays for injunction restraining sheriff from selling, and that the collection of said judgment be perpetually enjoined; bill waives oath of Harry Reinback.

Master in chancery granted injunction December 28, 1859. Ransom Van Winkle, Harry Reinback and Hiram Van Winkle, filed answers.

Harry Reinback's answer not sworn to. Denies allegations of fraud and negligence in managing partnership interest of himself and complainant; adopts answer of other defendant as his own.

Ransom and Hiram Van Winkle answer under oath. Admit partnership, as alleged; say complainant had full access to books, etc.; that if he was ignorant of anything, it was his own fault.

Hiram does not remember that a list of liabilities was made out at dissolution of firm; says he went to house of Ransom and borrowed the money, and used it in said firm; gave the paper set out in the bill; admits that he has resided in Macoupin county, Illinois, since July, 1857.

Admit rendition of judgment as alleged in the bill, on the paper copied in the bill; admit release of errors as alleged; deny fraudulent intent; say they have urged the collection of judgment; note sued on was *bona fide* for money loaned, and not a certificate of deposit; "that if it has been paid, respondents have no recollection of it;" that indulgence did not cancel obligation; had repeatedly demanded payment of said note of Harry Reinback, before suit. Reinback said he thought it had been paid; could not show it had been paid; sued because he thought debt due; denies that he sued it at instance of Harry Reinback; says the money is for his benefit, and not for the benefit of Harry Reinback; wants his money, and don't care who pays it; asks court to dissolve injunction.

On the hearing, the court entered a decree dismissing complainant's bill; and complainant appealed to this court.

Isaac L. Morrison, for Plaintiff in Error.

Breese, J. There is no question about the power of courts of chancery to grant relief against judgments obtained by

fraud, or by the occurrence of such accidents as the party could not foresee and provide against. *Propst* v. *Meadows*, 13 Ill. 157; *Nelson* v. *Rockwell*, 14 id. 376. Proceedings to set such a judgment aside, being purely original, they may be instituted either at law or in equity, at the option of the injured party. 2 Leading Cases in Equity, Hare & Wallace, 97.

In the case of *The Marine Insurance Co. of Alexandria* v. *Hodgson*, 7 Cranch, 332, Chief Justice Marshall stated the rule which prevails in such cases in this language: "It may safely be said, that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law; or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery." But a party cannot ask for relief in equity on the ground that he has failed or omitted to make a legal defense at law. Ib. And this rule is absolutely inflexible, and cannot be violated even when the judgment in question is manifestly wrong in law and in fact, or when the effect of allowing it to stand, will be to compel the payment of a debt which the defendant does not owe, or which he owes to a third party, unless it shall appear it was obtained by fraud or was the result of accident or mistake. *Buckmaster* v *Grundy*, 3 Gilm. 626; *State Bank* v. *Stanton*, 2 id. 332.

Testing this case by these principles, it is apparent no ground was shown for the interposition of a court of equity. No fraud is shown on the part of the plaintiff in the suit, or any of his agents—no unforeseen accident occurred, to deprive the complainant of the opportunity of making every possible defense to the suit—no deception was practiced by any one toward him, unless it was by his own partner and agent, H. Reinback, and which must be visited upon him. It was in the power of the complainant, in defending the suit at law, to plead payment of the note, and to call upon the plaintiff in the action to discover on oath the fact of payment. He did not do so—he did not avail himself of a defense which could have been made at law, if it existed.

The Van Winkles deny, on oath, all the matters charged in the bill, and there are no circumstances proved sufficient to discredit their answers. The presumption is very strong indeed, that the debt was unpaid, and that complainant was the responsible party.

Had it been shown, that the plaintiff in the judgment had colluded with Reinback, to throw complainant off his guard, by promising to retain counsel to defend the suit, then indeed,

some semblance of fraud might be discoverable. But there is nothing of the kind. Reinback, his partner, failing to employ counsel, he employed counsel himself, and went to trial on the general issue. Payment could have been shown under that plea, and a bill for discovery filed, to search the conscience of the plaintiff. He did not avail himself of it, and must bear the consequences of his own neglect. There is no ground for the interference of a court of equity. The decree must be affirmed.

*Decree affirmed.*