## JONATHAN PUTNAM *et al.*

*v.*

## JAMES MURPHY *et al.*

1. NEW TRIAL AT LAW—*when granted in chancery.* Upon a bill in chancery being filed, to enjoin the collection of a judgment obtained by default at the preceding term of the court, after an agreement to continue the cause had been entered into by the respective attorneys of the parties to the suit, and the plaintiffs' attorney, in violation of the agreement, took a judgment by default, of which the defendant had no notice until too late to enter a motion to set aside the default at that term of the court, and it appearing that manifest injury had thereby resulted to the defendant, a new trial was ordered.

2. A party, against whom a default has been taken, in fraudulent violation, on the part of the plaintiff, of an agreement between the parties to continue the cause, will not be held to as high a degree of diligence as if the plaintiff had been free from fault.

APPEAL from the Circuit Court of Sangamon county; the Hon. BENJAMIN S. EDWARDS, Judge, presiding.

The opinion states the case.

Messrs. HAY, GREENE & LITTLER, for the appellants.

Messrs. BRADLEY & OLDEN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed by appellants, in the Sangamon circuit court, against appellees, to enjoin the collection of a judgment previously recovered in that court. It appears that the original suit was an action of trespass for taking a quantity of corn from plaintiffs, and converting it to the use of defendants. It appears, from the evidence, that an agreement was entered into by the respective attorneys of the parties to this

trespass suit, with others, at the August term, 1867, that it and the other cases should stand continued until the next term; that appellees' attorney, in violation of the agreement, and without any notice to the other parties, took a judgment by default, and the damages were assessed at $496.17, for which amount a judgment was rendered.

The only question presented is, whether the facts established in this record required the court below to decree a new trial. The evidence leaves no doubt on our minds, that the agreement to continue the case was entered into by the attorneys of the parties; and there is no doubt that appellants and their attorney relied upon the arrangement, and were overreached by the bad faith and fraud practiced upon them by appellees' attorney. Equity abhors such acts, and will never permit such conduct to prejudice the party against whom such a fraud has been perpetrated. Such gross abuse of the professional duty of an attorney is wholly indefensible, and should forfeit his right to exercise the privileges and duties of the responsible and honorable position to which he has been admitted as an officer of the court, and it is a source of regret that a court of equity should ever be called upon to relieve against the consequences of such unprofessional conduct.

We have seen that the agreement to continue was fairly entered into, relied upon by appellants, and fraudulently violated by appellees' attorney. It, then, but remains to determine whether appellants were injured by the violation of the agreement. A careful examination of the evidence inclines us to the opinion, that had this evidence been submitted to a jury, they would have found for appellants. It is true, the evidence is not altogether harmonious, but seems to preponderate in appellants' favor. We feel so strongly impressed with this fact, that we think there should have been decreed a new trial.

Nor do we perceive that appellants have done anything to waive their right to a decree. Appellees acted through their attorney, in the absence of appellants, and without any notice to them, when they had induced appellants to return home,

supposing that they could rely upon the agreement entered into by the attorneys.    At the first term of the court after the default was taken, this bill was filed, and has been prosecuted without delay.    Had notice been given that the default would be taken, notwithstanding the agreement, then it would have been the duty of appellants to move the court, at the same term, to set it aside, that a trial might be had.    But no such notice was had.    They say they attended court the last week of the term, with their witnesses, for trial, but went home after the agreement was made, and on Saturday or Monday following, saw from a daily Springfield paper, that the default had been taken.    If this is true, they could not be held guilty of negligence in failing to have the default set aside at that term. If it was on Saturday, it was the last day of the term, and they residing in the country, it does not appear they could have made the motion on that day, and if on Monday, it was too late for that term.

Even if there was not the highest degree of diligence which might have been exercised, still they were misled by appellees, and they should not complain, or be permitted to take advantage of their own wrong.    Having, through their attorney, perpetrated a fraud, and thus gained an advantage, appellants' will not be held to as high a degree of diligence as if appellees were free from fault.    From the facts in the case, we are clearly of the opinion that the court below should have decreed a new trial, and for that error the decree must be reversed and the cause remanded.

*Decree reversed.*