## James M. Allen et al.

### v.

## John Hoffman, use, etc.

1. DEFAULT—MISLEADING TITLE ON TRIAL CALENDAR.—Where the title of a case on a trial calendar, which had been made by the officers of the court, and distributed to members of the bar according to the practice, was given in such a way as to be well calculated to mislead and deceive, and an attorney examining the calendar and failing to recognize his case under its title supposed it was not on for trial, and the case went by default. *Held*, that an attorney may well look to such a calendar for his information and guidance, and if after a careful examination he is unable to find thereon a given cause, he may, without being subject to the imputation of negligence, assume that such cause was not liable to be called for trial.

2. SETTING ASIDE DEFAULT.—Although the attorney might have gone to the clerk's office and found out otherwise, yet he was not bound to show the highest degree of diligence, his motion to set aside the default having been made at the same term at which the default was entered. It was sufficient to show a good and meritorious cause of action and the exercise of reasonable and ordinary care and diligence.

3. EXERCISE OF DISCRETIONARY POWER BY TRIAL COURT, WHEN APPELLATE COURT WILL INTERFERE.—Although an appellate court should not ordinarily interfere in the exercise of the discretionary power of a trial court, yet in certain cases it is its duty to interfere for the promotion of justice.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed March 27, 1883.

Messrs. BONNEY, FAY & GRIGGS, for plaintiff in error; that when defendant has a meritorious defense to a suit, and has been prevented from making it by misapprehension or accident, he should be given an opportunity to make it, cited Keeley v. O'Brien, 66 Ill. 258; Mason v. McNamara, 57 Ill. 274.

Where a judgment is manifestly unjust, it should be set aside: Maynz v. Zeigler, 49 Ill. 303; Wilder v. Menler, 49 Ill. 254; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59.

Courts should exercise their discretion in favor of justice and its promotion: Bowman v. Wood, 41 Ill. 203; Mason

v. McNamara, 57 Ill. 274; Souerbry v. Fisher, 62 Ill. 135.

Messrs. HOYNE, HORTON & HOYNE, for defendant in error; as to the exercise of court's discretion, cited Andrews v. Campbell, 94 Ill. 579; Peoria & R. I. R. R. Co. v. Mitchell, 74 Ill. 396.

A plea of *nil debet* to an action of debt on the bond, where there are no common counts in the declaration, is bad: Mix v. The People, 92 Ill. 551; Beam v. Laycock, 3 Bradwell, 43.

BAILEY, P. J. This was an action of debt, brought by John Hoffman, late sheriff of Cook county, for the use of the Excelsior Iron Works, upon a replevin bond executed by A. W. Kellogg, as principal, and James M. Allen, as surety. Allen alone was served with process, and he appeared and filed certain pleas, and afterward the cause being reached for trial, on the regular call of the docket, in the absence of both Allen and his attorney, was tried, and a verdict rendered in favor of the plaintiff for his debt and $545.61 damages, for which sum and costs the plaintiff then and there had judgment. Subsequently, and at the same term of court, Allen appeared by his attorney, and entered a motion, based upon affidavits, to vacate said judgment, and for a new trial, which motion was denied by the court.

It clearly appears from the affidavits that the defendant had a good and meritorious defense to all, or at least to much the larger part, of the damages awarded to the plaintiff by the jury. The judgment is thus shown to be unjust, exorbitant and oppressive. By way of excusing or explaining the defendant's failure to appear at the trial and present his defense, the affidavits show that, at or about the date of the service of process on him, he employed an attorney, who filed the pleas, and had sole charge of the defense of the suit; that shortly after his retainer, said attorney, for the purpose of ascertaining whether said cause was on the trial calendar of the superior court, and liable to be called for trial, examined, with what he supposed to be a proper degree of care and diligence, the trial calendar of said court, but

failed to find said cause thereon; that he made such examination twice at least, and failing to discover said cause on the calendar, he supposed and believed that it would not be called for trial, until a new calendar should be made up, and therefore required no further attention on his part, or on the part of the defendant, so far at least as regarded attendance upon the call of the calendar, and that he so advised the defendant. It appears, however, that said cause was in fact on said calendar under the following title: "Ex. Iron Wks. v. Kellogg," and that by reason of such title, said attorney overlooked it, or was mistaken as to its identity; that both said defendant and his attorney in good faith intended and expected to be present at said trial, but were prevented from so doing solely by reason of the facts above set forth.

It appears that it is the usual practice of the superior court to make up trial calendars of the cases pending before it in the order they appear on the docket, and under their appropriate term numbers, and to distribute such calendars gratuitously among the members of the bar, and that the calendar in question was made up and distributed in accordance with that practice. It can not be doubted, then, that attorneys practicing in that court have a right to place reliance upon the accuracy of the calendars thus furnished them. These calendars are prepared and distributed for the purpose of furnishing the members of the bar with authentic information as to what causes are liable to be called for trial, and the order in which they will be called. Emanating as they do from the court itself, and prepared by and under the supervision of its officers, attorneys may well look to them for their information and guidance, and if on careful examination, an attorney is unable to find thereon a given cause, he may, without being subject to the imputation of negligence, assume that such cause is not liable to be called for trial.

It is true the present case was on the trial calendar, but it appeared there under a title which was well calculated to deceive and mislead. Neither the name of Hoffman, the sole plaintiff, nor of Allen, the only defendant served, was used. An abbreviated form of the name of the usee appeared in the

place of the plaintiff, and the name of Kellogg appeared as sole defendant. It was thus, apparently, an entirely different cause and between other parties. If Allen's attorney, when he examined the calendar, was able to decipher the abbreviations under which the name of The Excelsior Iron Works was disguised, he found a case in which that corporation figured as plaintiff, and Kellogg alone as defendant, and to which his client was not a party. He was thus misled into what is shown to be an honest belief that his cause was not on the calendar, and not liable to be called for trial, and acting upon such belief, both he and his client failed to be present at the time the cause was called and tried.

Allen's attorney might doubtless have exercised a higher degree of diligence in ascertaining the situation of his case. If he had been possessed of sufficient skepticism as to the accuracy and reliability of the calendar furnished him by the court officers, he might have thrown it aside and gone to the clerk's office, and made further investigations and inquiries. He might have ascertained the number of his case on the docket, and by means of it unearthed the fact that the case was in its proper place on the trial calendar, though masquerading under a false title. But he was not bound to show the highest degree of diligence, his motion to set aside the default having been made at the same term at which the default was entered. All he was bound to show was a good and meritorious defense, and the exercise on his part of reasonable and ordinary care and diligence. As said by the Supreme Court, in Mason v. Mc Namara, 57 Ill. 274, "As we understand the long and well-settled practice in this State, it has always been liberal in setting aside defaults at the term at which they were entered, where it appears that justice will be promoted thereby. Nor has the practice, so far as our knowledge extends, been so rigid as to require the party moving to set the default aside, to bring himself within the strict rules which govern applications in equity for new trials at law. But where it appears by affidavit that the party has defense to the merits, either as to the whole or a material part of the cause of action, it has been usual to set aside the default, if a reasonable excuse is shown for not having made the defense."

We recognize the rule that setting aside a default, is a matter of discretion with the trial court, with the exercise of which an appellate court should not ordinarily interfere.    But cases do arise where it becomes the duty of the appellate court to interpose for the promotion of justice, and review the decisions of the trial court rendered even in the exercise of its discretionary power. We are of the opinion that the present case is of that character, and that for the promotion of justice and the prevention of wrong, the judgment should be set aside, and the defendant be permitted to make his defense.    The judgment of the court below will be reversed and the cause remanded for a new trial.

Judgment reversed.