## Jacob Newman, George W. Northrup, Jr., S. O. Levinson and B. V. Becker v. Henry Schueck.

1. NEGLIGENCE—*Of Attorney, is of His Client.*—Negligence of the attorney is negligence of the client.

2. ATTORNEY—*Liability for Negligence.*—If by the negligence of an attorney an unjust judgment has been obtained, the injured person has a remedy by action against the attorney.

3. NEW TRIALS—*In Courts of Equity.*—Courts of equity do not grant new trials upon the mere ground that a defendant has failed or omitted to make a defense at law, even although the judgment may appear to be wrong in law or opposed to the facts. It must appear that the judgment was the result of fraud, accident or mistake without the fault or negligence of the party against whom it is rendered.

Bill for Injunction.—Appeal from an order restraining the collection of a judgment, entered by the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Submitted at the March term, 1895. Reversed. Opinion filed April 4, 1895.

### STATEMENT OF THE CASE.

This was a bill for injunction filed by appellee, Henry Schueck, the allegations being in substance, as follows :

That Henry Schueck and William Recht had been, up to October, 1890, copartners, doing a mercantile business in Chicago, under the firm name of Schueck & Recht; that in the course of said business, they became indebted to various eastern houses for merchandise purchased; that in the year 1890, Schueck & Recht met large and unexpected losses, and became unable to pay their debts; that they were indebted for merchandise to the firm of Friedberger & Co. in the sum of $829, to the firm of Strand Brothers in the sum of $586.28, and to the firm of Schuer & Brothers in the sum of $974.50, and that said firms, through Jacob Newman, their attorney, on the 20th of October, 1890, brought suits in the Circuit and Superior Courts of Cook County, Illinois, in the nature of actions on the case, for false representations in procuring goods from said firm on credit; that Schueck & Recht retained the law firm of Kraus, Mayer & Stein to represent and defend them in these suits.

Proper pleas were filed, and in December, 1892, said law firm withdrew, and attorney James J. Hoch was retained. Hoch at once entered his appearance in writing in these suits, and they remained pending for about two years.

That on the 28th of March, 1894, November 14, 1893, and March 14, 1894, respectively, trials were had, and the plaintiffs recovered judgments for said amounts in said suits at law; that executions in the nature of *capii ad respondendum* were duly issued on these judgments, and on the 8th of January, 1895, Schueck was notified for the first time that such capiases were outstanding against him and his partner.

That complainant was never notified by his attorney, Hoch, of the trial of these actions; that he had wholly intrusted his defense to said Hoch, and wholly relied upon him; that he had a good and valid defense to said actions as far as concerned the allegations of fraud, and that he had not been guilty of any tort whatever; that the state-

ments made to the mercantile agencies and to the plaintiffs
concerning the financial standing of the firm of Schueck &
Recht were true, and he could substantiate them at another
trial; that neither he nor his partner was present at the time
of the trial or entry of judgments in said causes; that unless
the judgments and capiases are enjoined, he (Schueck)
would have to go to jail, as he was penniless, and had no
means of paying the judgments; that if the court would
open up the cases and allow him to interpose his defense, he
could show that he had not been guilty of any tort what-
ever; that the court terms had passed, and he had no rem-
edy except in a court of equity; that he "caused inquiry to
be made of the said Hoch" as to why he (Shueck) had not
been notified of the trial of the cases, and that Hoch said
that he did not know that his appearance had been entered,
and that he did not know that he was to represent Schueck
& Recht in these cases, and that his clerk had entered his
appearance without his authority or consent. Complain-
ant prays that the proceedings be enjoined, and that a new
trial be had, so that he may interpose his defense.

This bill is sworn to by the complainant, in which affidavit
he also states that he is penniless, and prays that an injunc-
tion may issue without bond and without notice.

And thereupon, on the tenth day of January, 1895, the
Circuit Court of Cook County granted the injunction com-
plained of, without notice and without bond.

Appellants, on the 22d of January, 1895, moved the court
for a rule on complainant to file bond, as required by statute,
in case of an injunction against judgments. This motion
was denied.

Then appellants moved for a dissolution of the injunction
by reason of the failure of the complainant to file bond as
required by statute, and also upon the face of the bill as
showing no equity. This motion was heard and argued and
denied by said Circuit Court.

Appeals were duly prayed and allowed from the original
order granting the injunction, and also from the order deny-
ing appellant's motion to dissolve the injunction.

Newman v. Schueck.

APPELLANTS' BRIEF, NEWMAN & NORTHRUP AND S. O.
LEVINSON, ATTORNEYS.

Equity will not relieve against a judgment at law on account of any ignorance or unskillfulness of the party's attorney (unless caused by the opposite party), nor for counsel's negligence or inattention. The fault is, in such cases, attributed to the party himself. Thus, the neglect of an attorney to plead a valid or proper defense, or to attend the trial, either intentionally or through forgetfulness, and his failure for like reasons to notify his client of the time of trial, whereby a judgment is wrongfully obtained against the client, furnishes no ground for relief against the judgment. Black on Judgments, Vol. 1, Sec. 375; Crim v. Handley, 94 U. S. 652; Winn v. Wilson, 1 Hemp. 698; Warner v. Connant, 24 Vt. 351; 58 Am. Dec. 178; Winchester v. Grosvenor, 48 Ill. 517; Dinet v. Eigemann, 96 Ill. 39; Kern v. Strasberger, 71 Ill. 413; Fuller v. Little, 69 Ill. 229; High on Injunctions, Vol. 1, Sec. 165 *et seq.;* Beach on Injunctions, Vol. 1, Sec. 685; Bardowski v. Bardowski (Ill.), 33 N. E. Rep. 39.

The fact that an attorney engaged to defend a suit neglects to do so, is no ground for enjoining the enforcement of a judgment against his client; the only remedy of the judgment debtor, if he was damaged, is against the attorney. Barhost v. Armstrong, 42 Fed. Rep. 2; Beach on Injunctions, Vol. 1, Sec. 685.

There is no distinction where the judgment is in tort, the rule being identically the same. High on Injunctions, Vol. 1, Sec. 171; Meredith v. Benning, 1 Henning & Munford (Va.) 585; Haughy v. Srang, 27 Am. Dec. 648 (Ala.); Walker v. Shreve, 87 Ill. 474.

To warrant a court of equity in reviewing a judgment and enjoining proceedings thereunder, the party seeking relief must show not only that injustice has been done him, but also that he was prevented from procuring his cause of action or interposing his defense by fraud, accident, or the act of the opposing party, wholly unmixed with any fault or negligence of his own; and the diligence required to be used to prevent injury is such as prudent and careful men would

ordinarily use in their own causes of equal importance. Such pleas seeking relief from final judgments, solemnly rendered in the due and ordinary course of the administration of justice, by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds upon which interference will be allowed are confessedly narrow and restricted. Beach on Injunctions, Vol. 1, Sec. 686; Wood v. Lenox, 23 S. W. Rep. (Tex.) 112 (1893); Johnson v. Templeton, 60 Tex. 238.

A partner is liable for the tort of his copartner in the regular course and within scope of the business. Bates on Partnership, Vol. 1, Secs. 461 *et seq.;* Loomis v. Barker, 69 Ill. 360; Durant v. Rogers, 87 Ill. 508.

The negligence of an attorney is the negligence of his client. Mendell v. Kimball, 85 Ill. 582; Trentler v. Halligan, 86 Ill. 39; City v. Thomas, 102 Ill. 453; Thielmann v. Berg, 73 Ill. 293; Schaefer v. Sutton, 409 Ill. 506.

### APPELLEE'S BRIEF, STEIN & PLATT, ATTORNEYS.

An injunction directed against the enforcement of a judgment by levy of execution upon a particular piece of property, or by levy of a particular form of execution is not an "enjoining of a judgment" within the meaning of the statute requiring bond in such case. Fahs v. Roberts, 54 Ill. 192; Moriarty v. Galt, 28 Ill. App. 213; same case, 125 Ill. 417; Hardin v. White, 63 Ia. 633; Stanley v. Bonham, 52 Ark. 354.

The rule that the fault of an agent or attorney is attributed to the principal does not apply where the consequences of such rule would be the imprisonment of the principal. Bates on Partnership, Secs. 468 and 1120; Stewart v. Levy, 36 Cal. 159; McNeely v. Haynes, 76 No. Car. 122; Baker v. Kendall, 17 J. & S. 123.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

*Interest reipublicae ut sit finis litium,* might be replied to the pathetic appeal of appellee in which he asks if he must

be imprisoned because by the judgment of a court he has been found guilty of doing that of which, he says it is by the pleadings in this cause admitted, he was innocent.

Matters in controversy can not be litigated over and over, although, after judgment, the defeated party is willing, with specification and detail, to make oath that the judgment rendered is unjust and opposed to the truth. Every person is by natural right entitled to one hearing; if being duly summoned, he willfully neglects to heed the same and suffers judgment to go against him, he is not entitled to another trial.

The bill in this case sets forth that the complainant was duly summoned in an action on the case; that he retained an attorney to defend the same; that the appearance of the attorney was entered and that thereafter he paid no attention to the cause, suffering judgment to be entered without notifying his client and without resistance.

The complainant therefore asks that a court of chancery give him a new trial. If the able and industrious counsel who represent him in this litigation shall fail to reply to an answer that may be filed and shall also fail to notify him or fail to be themselves present at the hearing of this cause, will the complainant be entitled to maintain another bill after this cause shall have been heard and dismissed on bill and answer?

It is the settled rule in this State that negligence of the attorney is negligence of the client. Clark v. Ewing, 93 Ill. 572–578; Yates v. Monroe et al., 13 Ill. 219; Kern v. Strausberger, 71 Ill. 413; Trentler v. Halligan, 86 Ill. 39; High on Injunctions, Secs. 166; 210, 221; Graham & Waterman on New Trials, Vol. 3, 1520.

If, through the negligence of the attorney employed by the complainant, an unjust judgment has been obtained against him, he has a remedy by an action against such counsel.

The allegation of the bill is that James J. Hoch was retained; this is a conclusion. What was done by which he was retained? From the bill it appears that Hoch claims

that he did not understand that he had been retained in the cause in which the judgment complained of was rendered, and did not know that his appearance had ever been entered therein.

The bill fails to negative negligence upon the part of the complainant in failing to retain an attorney, or in an attorney in failing to attend to a suit he was employed to defend.

If the allegations of the bill are true, complainant had a complete defense to the suit, it being an action on the case, based upon an alleged fraud.

Appellee asks: "Is it right that he should go to jail for an offense of which he is guiltless?" It is not, but how is the question of his alleged guilt to be determined? Certainly, after some judgment, such question must be at rest.

Appellee was duly summoned; he had an opportunity to be heard.

If a new trial before a jury should be given him and the attorney next employed should fail to defend, would he be entitled to another trial?

Courts of equity do not grant new trials upon the mere ground that a defendant has failed or omitted to make a defense at law, even although the judgment may appear to be wrong in law or opposed to the facts. Hinrichsen v. Van Winkle, 27 Ill. 334; Holmes v. Stateler, 57 Ill. 209.

It must appear that the judgment was the result of fraud, accident or mistake without the fault or negligence of the party against whom it is, or the court will not interfere. Hinrichsen v. Van Winkle, *supra;* Marine Ins. Co. v. Hodgson, 7 Cranch 332.

Appellee urges that he only asks to have restrained an execution of the *ca. sa.*

If the plaintiff was entitled to the judgment he obtained, he is entitled to such writ. Whether he ought to have such judgment was the question submitted to the court in that case. However, the relief the complainant asks may be stated, in effect, that new trials be granted him, and that meanwhile the operation of the judgments be stayed.

Appellee has obtained an injunction restraining the execution of the writs issued upon the judgments, without giving any bond, either for the payment of the judgments, or that he will surrender himself in case the judgments shall be affirmed; nor does he in his bill offer to either pay or surrender himself, or to pay the expense which the appellants have been or may be put to in obtaining their judgments, in case the result of new trials should be the same as of those already had.

There are statutes in some States under which, where, through the negligence of an attorney in failing to appear, judgment has been obtained, the same has been set aside in a new proceeding. In New York a party may be relieved from a judgment obtained against him by reason of the negligence of his attorney, he being free from fault. Sharp v. Mayor of New York, 31 Barb. 578; Wash v. Wetmore, 33 Barb. 159; McKinley v. Tuttle, 34 Cal. 235; Beatty v. O'Connor, 106 Ind. 81; see, also, Thompson v. Goulding et al., 5 Allen 81–82; Crawford v. Williams, 1 Swan. (Tenn.) 341; Paneri v. Boswell, 12 Heisk. 323.

The general rule is otherwise. Stephenson v. Wilson, 2 Vernon, 325; Ware v. Horwood, 14 Vesey, 29–31; Drewry v. Barnes, 3 Russ. 94.

Mutual mistake is one of the sources of the jurisdiction of a court of equity. Mr. Hoch was retained by appellee, yet by mistake thought he was not; the mistake was not mutual as between the parties to this cause.

If the bill of appellee set forth facts showing that he had employed Mr. Hoch to attend to these cases; that he mistakenly supposed himself not to be so employed, showing how such mistake occurred; and that appellee rested under the belief that Mr. Hoch was retained and would properly defend the suits; and if the bill further specifically offered to do equity, the writer of this opinion is inclined to think that, upon proper terms, relief might be afforded.

The order granting the injunction is reversed.