## Jacob A. Henry v. LeRoy G. Seager et al.

1. PARTIES—*Right to Rely upon the Announcements of the Court.*—A party or his attorney has a right to rely upon the oral announcement of the judge as to what judgment is rendered in the case, and is not required to see that the clerk enters the order directed to be entered by the judge.

2. JUDGMENTS—*Motion to Set Aside, When Too Late—Equitable Relief.*—It is too late to move the court to set aside a judgment after the term is ended; the remedy then, if any, is by bill in equity.

3. ATTORNEYS—*Effect of Their Negligence upon Clients.*—The negligence of the attorney is the negligence of his client. The client is bound thereby, and must look to his attorney if he suffers from his negligence.

4. CHANCERY PRACTICE—*Decrees Pro Confesso.*—Where a defendant is given an opportunity to answer the bill, and allows a decree *pro confesso* to be taken against him, he admits the truth of all the allegations of the bill, well pleaded, and renders it unnecessary for the chancellor to hear evidence upon such matters.

**Bill to Set Aside a Judgment.**—Trial in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Decree *pro confesso.* Appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed February 9, 1899.

### STATEMENT OF CASE.

February 15, 1898, appellees filed their bill in the Superior Court of Cook County to set aside a judgment at law, obtained by appellant against them for $2,250, on January 31, 1898, in the same court. The allegations of the bill show that appellees had a good defense to the suit at law,

and that the judgment obtained against them by appellant was grossly unjust; that appellees had employed counsel to make their defense, who was instructed to represent them, take full charge of their defense, and watch the trial calls and keep them advised of the progress of the cause; that they had made preparations for their defense (setting forth the details of such preparation), and were fully ready and prepared for trial and to defend said cause upon the merits, in October, 1897; that on October 28, 1897, the said attorney was present at a first call of cases for trial in said court, and asked, when the suit of appellant against appellees was reached and called, that it be dismissed for want of prosecution, and in response to such request the judge then and there orally announced that said cause was dismissed; that said attorney so advised appellees; that the minute clerk of said judge, through some inadvertence, accident or mistake committed the error, mistake or accident of entering upon some trial calendar, or some paper or memorandum kept by him, the letter " t," indicating that said cause was for trial, instead of the letter " d," indicating that the same was dismissed; that appellees and their said attorney were in ignorance of the entry so made by the clerk until February 10, 1898, and relied wholly and entirely upon the order of the judge, announced in open court, and believed that said cause had been fully and finally disposed of and ended, until said February 10, 1898; that they are not indebted to appellant in any sum of money; that they are not liable to him for damages for breach of the contract which was made the basis of the suit at law against them, but on the contrary, that appellant is indebted to them in the sum of $175 (setting out details of their transactions). The bill also makes other allegations which tend to show fraudulent concealment by appellant's attorney as to the true state of the record in the suit at law, and alleges that the cause was called for trial on January 31, 1898, in the absence of their said attorney, and without their knowledge, or that of either of them, or their said attorney, a hearing *ex parte* had, and said judgment obtained against them.

The January term, 1898, of the Superior Court ended February 5, 1898. Appellant moved the court to dismiss the bill for want of equity, and on the hearing of such motion the decree states " that the parties appeared before the court in person and by their counsel, and submitted proofs and argued the same," and proceeds to find certain facts, which need not be enumerated, for the reason that the court denied the motion to dismiss the bill, and ruled appellant to " plead, demur or answer instanter." Appellant refused to comply with the rule of the court, and elected " to abide by his motion to dismiss said bill for want of equity." The bill was thereupon taken as confessed against appellant, and the court decreed that the judgment be vacated and set aside, and a new trial granted. From this decree the appeal has been taken.

Leonard Goodwin and G. Albert McCullum, attorneys for appellant, contended that the negligence of the attorney is the negligence of the client and the client is bound thereby. Kern v. Strausberger, 71 Ill. 413; Yates v. Monroe, 13 Ill. 212; Albro v. Dayton, 28 Ill. 325; Smith v. Powell, 50 Ill. 21.

It is not enough that a judgment in a court of law is unjust, or is oppressive, or was obtained without hearing and considering the contention of both parties. Before the judgment at law will be set aside by a court of equity it must be shown, not only that it is unjust but that upon another trial at law a different result would be obtained and also that the original judgment was entered without any negligence or *laches* whatever upon the part of the party seeking to set it aside in a court of equity. Equity will interfere only where it appears that there was a defense of which the party could not have availed himself at law or of which he might have availed himself but was prevented by fraud or accident, unmixed with fraud or negligence on his own part, so that it is against conscience to execute a judgment. Walker v. Shreve, 87 Ill. 477; Wilday v. McConnel, 63 Ill. 278; Hopkins v. Medley, 99 Ill. 509.

Henry v. Seager.

Where the judgment is valid on the face of the record equity will relieve therefrom for fraud, accident or mistake only where it appears that the judgment is not the result of *laches* or misconduct on the part of the complainant. Smith v. Allen, 63 Ill. 474; Palmer v. Bethard, 66 Ill. 529; Walker v. Shreve, 87 Ill. 477; Blackburn v. Bell, 91 Ill. 434; Clark v. Ewing, 93 Ill. 572; Virginia v. Dunaway, 17 Ill. App. 68; Lavender v. Boaz, 17 Ill. App. 421; Owens v. Ranstead, 22 Ill. 161; Babcock v. McCamant, 53 Ill. 214; Wilday v. McConnel, 63 Ill. 278; Weaver v. Poyer, 70 Ill. 567; Higgins v. Bullock, 73 Ill. 205; Hopkins v. Medley, 99 Ill. 509; Sayles v. Mann, 4 Ill. App. 516.

Partridge & Partridge, attorneys for appellees.

Courts of equity will take jurisdiction in a meritorious case and grant a new trial at law where the remedy at law has failed by reason of fraud, accident or mistake without negligence on the part of the defendant. Metcalf v. Williams, 14 Otto, 93; see also Howe v. Mortell, 28 Ill. 478; Carrington v. Holabird, 17 Conn. 530; Dunlap v. Gregory, 14 Ill. App. 601; Allen v. Hoffman, 12 Ill. App. 573; Excelsior Electric Company v. Chicago Waif's Mission and Training School, 41 Ill. App. 111.

A motion to dismiss for want of equity is in effect a general demurrer to the bill. It is in law an admission of the truth of the facts therein stated, and for the purposes of this case we must concede to appellant all such rights as the law would confer on him by reason of the actual existence of the facts stated in the bill. Clark v. Ewing, 93 Ill. 572, 575; Titus v. Mabee, 25 Ill. 257; Knapp v. Marshall, 26 Ill. 63; Wangelin v. Goe, 50 Ill. 459; Weaver v. Poyer, 70 Ill. 567.

There are two reasons why equity is slow to interfere with the operation of judgments recovered in a court of law. In the first place, it is sensitive to the imputation of seeking to usurp a species of appellate jurisdiction and so to extend its powers over all other courts. And secondly, a judgment on the merits ought to be forever conclusive

between the parties, no re-examination should be allowed, and it is neither the function nor the ambition of equity to overhaul judgments at law.   Black on Judgments, Sec. 365.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

It is argued on behalf of appellant that certain affidavits, read in support of the bill on the motion to dismiss, are not sufficient to justify the decree of the chancellor in setting aside the judgment.   However this contention may be, we think appellant has waived all question in that regard.   He was given an opportunity to answer the bill, as appears from the record, of which he refused to avail himself, and allowed a decree *pro confesso* to be taken against him.   In that state of the case, the chancellor need not have heard any evidence.   Appellant will be held to have admitted the truth of all the allegations of the bill which were well pleaded, and we must look solely to the allegations of the bill to determine the correctness of the decree.   Farnsworth v. Strasler, 12 Ill. 482; Mason v. Patterson, 74 Ill. 195.

In the former case it was held that where a bill is taken as confessed, error can not be assigned that the averments were not proved.

The sole question now to be considered is whether the allegations of the bill are sufficient to justify the decree.

The general rule is, as contended by appellant, that the negligence of the attorney is the negligence of the client; the client is bound thereby, and must look to the attorney if he suffers from the attorney's negligence.   Kern v. Strausberger, 71 Ill. 413;  Ward v. Durham, 134 Ill. 195;  Bardonski v. Bardonski, 144 Ill. 284;  Newman v. Schueck, 58 Ill. App. 328.

We are not prepared, however, to hold that this bill shows negligence on the part of appellees' attorney.   It appears that when the case was called the attorney was in court and asked that the cause be dismissed for want of prosecution, and the judge announced that the case was so disposed of.   That was an end of it so far as the attorney was con-

cerned.  He had a right to rely on the oral announcement
of the judge as to what judgment was rendered in the case,
and was not required to see that the clerk entered the order
directed to be entered by the judge.  2 Pomeroy's Eq.
Juris., Sec. 836; Allen v. Hoffman, 12 Ill. App. 573; Dunlap
v. Gregory, 14 Id. 601; Beveridge v. Hewitt, 8 Ill. App.
467; Walker v. Kretsinger, 48 Ill. 502; Putnam v. Murphy,
53 Ill. 404.

The attorney, as well as appellees, had no knowledge
until after the lapse of the January, 1898, term of the Su-
perior Court, that the case had not been dismissed, as
directed by the judge, nor that a judgment was entered.
It was then too late to move in the law court to set it aside,
and their only remedy was by bill in equity.  If the allega-
tions of the bill are true, their defense at law is complete.
In the Beveridge case, *supra*, this court quotes from the
Walker case, *supra*, viz.:  "If it appears that the judgment
complained of is unjust, and that the party in good faith
has used or endeavored to employ the means given him by
the law to assert his rights, and has been active and vigilant
in his efforts to make his defense, and is still prevented from
presenting a meritorious defense, equity will grant a new
trial at law," and held that where the law court had
rules that a new calendar would be made each term, and
called and tried the suit upon a calendar made for a previous
term, there being no notice to the defendant or his attorney,
a judgment so rendered should be set aside and a new trial
awarded, it further appearing that the defendant had a
good defense.  It was said in deciding the case, " so long
as these rules remained in force, they were the law of the
court," and that the attorney, after having ascertained that
no calendar would be made for the term when his case was
called, was not chargeable with negligence for failing to
watch the call that month.  If an attorney may rely on the
rules of court, he may certainly rely on the judgment of the
court announced from the bench.

The decree is affirmed.