STEWART VS SNOW.

Opinion delivered October 19, 1904.

1. *Equity—Injunction—To Restrain Enforcement of Judgment—Remedy by Appeal.*

> A court of equity will not vacate a default judgment, award a new trial and enjoin the enforcement of the judgment or proceedings thereunder on the ground of irregularities accident and surprise, after a motion to set aside said judgment has been overruled. The proper remedy is an appeal from the order denying the motion to set aside the judgment.

2. *Equity—Injunction—To Stay Proceedings on Judgment—In What Court Brought.*

> An equitable action to stay proceedings under a judgment can only be brought in the court wherein the judgment sought to be stayed, was rendered, under Sec. 3751 Mansf. Dig. (2510 Ind. Ter. Stat.)

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Suit in equity by Minerva Stewart against Martha A. Snow. Decree sustaining a demurrer to the complaint. Plaintiff appeals. Affirmed.

*R. E. Jackson* and *Shackelford, Curtis & Moore,* for appellant.

*J. H. Huckleberry, Sr.,* for appellee.

RAYMOND, C. J. This is an appeal from a decree sustaining a demurrer to a complaint in equity. The complainant

avers that on January 23, 1902, Martha A. Snow brought an action of ejectment against her, seeking to recover certain lots in the village of Sallisaw, Ind. Ter., and filed her complaint in the United States Court at Wagoner; that on March 6, 1902, Minerva Stewart, the defendant in the ejectment suit, and appellant here, demurred to the complaint; that on March 29, 1902, the demurrer was confessed by plaintiff, Snow, and leave was then and there given plaintiff to amend her complaint by interlineation; that on the same day the complaint, as amended, was refiled, and a rule was thereupon entered upon the defendant to answer by April 22, 1902; that on May 5, 1902 (no answer having been filed), judgment by default was entered against defendant in the ejectment suit for the premises in dispute; that on June 17, 1902, defendant, Stewart, filed a motion in said court asking that the default be set aside, and that a new trial be awarded, and that on December 23, 1902, at the November term of said court, the court denied said motion. There is a further averment to the effect that the instrument under which plaintiff claimed was obtained by fraud, was without consideration, and that it was not to take effect until the death of John S. Stewart; that plaintiff fraudulently obtained against defendant the rule to answer by April 22, 1902, and that defendants' counsel, in the confusion incident to the adjournment of court, did not understand that answer was to be filed by April 22d, but understood that the amendment was to be made on or before that day; that plaintiff's counsel on May 5th, knowing that defendant and her counsel were absent, called said case, and procured judgment by default; and that the March, 1902, term of said Wagoner court, adjourned without a decision upon the motion to set aside the default, and that, by reason of the decision of said motion at the next succeeding term, was an "unavoidable accident without fault of defendant."

The motion of defendant filed June 17, 1902, in the United States Court at Wagoner during the March, 1902, term,

to set aside the default and grant a new trial is made a part of the complaint, and reads as follows:

"United States of America, Northern District, Indian Territory. Martha A. Snow vs Minerva Stewart et al. Motion to Vacate Judgment and Grant New Trial. Comes the defendant, Minerva Stewart, and moves the court in above-entitled cause to vacate the default judgment therein and grant her a new trial, and for causes states: First. The prevailing party proceeded irregularly, in not complying sufficiently with her confession of demurrer of defendant, and this court's permission to amend the defects demurred to by interlineation, as required, by alleging in plaintiff's complaint a transfer or delivery of the deed or conveyance sued on, and a good and valuable consideration therefor. Second. Said defendant's failure to answer and defend against said default was due to accident and surprise, which ordinary prudence could not have guarded against, in that said court's rule on defendant to answer by April 22, 1902, was announced during the hurried moments just before the court suspended all hearings of its session, and along with the permission to interline said complaint, in such pressure of other business and haste in disposition as to cause said defendant's attorney, R. E. Jackson, to misunderstand the said rule to be meant to limit plaintiff's time to interline, and not defendant's time to answer, which misunderstanding became more pronounced by a newspaper publication to same effect as so misunderstood by said attorney. Furthermore, when said attorney left Wagoner for his home at Sallisaw, Ind. Ter., it was understood by him that before said April 22, 1902, this court would resume session, and require said attorney's presence, at which time said required interlineation would be made and viewable to answer by him. Said attorney was greatly surprised to learn that this court was convened and this default taken without other notice to said defendant's attorneys than is presumed by operation of law

alone; the attorney for said plaintiff, at no time mentioning any wish or intent to call for default judgment, as is the practice among attorneys and by the orders and rules of this court, especially among attorneys who reside fifty miles or more from this place of court, as said defendant's attorneys do. Third. The decision herein is not sustained by sufficient evidence, and is contrary to law. Fourth. Said defendant is not in unlawful possession of the premises or lands and improvements claimed in said complaint, but as the lawful widow of said John S. Stewart, who owned and held said property, when he died intestate about the ——— day of ———, 1900, she holds and is entitled to said property as her dowry; said intestate estate not being worth eight hundred dollars, and there having been no administration on said estate. That plaintiff obtained the conveyance sued on by fraud, deceit, and undue influence, and wholly without consideration in law to her alleged grantor, which fact she has admitted to disinterested persons; said John S. Stewart being quite old and feeble of mind. Wherefore defendant, by her attorney, R. E. Jackson, asks the allowance of this motion, as above set forth. R. E. Jackson, Attorney for Defendant, Minerva Stewart.

"R. E. Jackson, attorney for defendant, Minerva Stewart, states that the above statements of facts are true he verily believes. R. E. Jackson, Attorney for Defendant.

"Subscribed and sworn to before me this 17th day of June, 1902. Chas. A. Davidson, Clerk."

The prayer is that the court vacate, revoke, set aside, and annul said judgment, grant a new trial, quash the writ of possession issued on said judgment, and to grant an injunction against defendant restraining her from holding under said judgment.

(10)

A demurrer, as follows, was interposed to the complaint: "The defendant, for a cause of demurrer, says that said complaint does not state facts sufficient to constitute a cause of action, or give the relief prayed for; that this court does not have jurisdiction to try said cause, or to review a judgment rendered in a court of competent jurisdiction."

There is but one question presented for decision: Did the court err in sustaining the demurrer? The court is of opinion that the trial court did not err in sustaining the demurrer and dismissing the bill. In Ward vs Derrick, 57 Ark. 500, 22 S. W. 93, will be found an authority to the effect that, if the complainant here desired a review of the proceedings in the trial court, there should have been an appeal from the order denying the motion to set aside the judgment. The court says: "This is an appeal from a decree sustaining a demurrer to a complaint in equity. The complaint sets out that the plaintiffs had applied to the circuit court, on the law side, to set aside certain judgments rendered against them upon a bond executed to discharge attachments levied upon property of J. C. Ward, a part of which had been claimed by L. Ward upon an interplea, who had given an interpleader's bond for the same; that their application was made at the term of the court when the judgments were rendered; that the defense they proposed to make against the bond was non est factum, which they set up in their motion to set aside the judgments. The court, without objection, heard evidence upon the plea of non est factum, and found against the appellants, and refused to set aside the judgments. There was no appeal from the court's judgments upon the bond. The appellants, after the term of the court had passed at which these judgments were rendered, filed their complaint in equity to have them set aside, and prayed that the bond on which they were rendered be canceled, on the ground that its execution was procured by fraud, or that it was executed through the mutual mistake of the officer

and themselves. \* \* \* The circuit court which rendered the judgments upon the bond had the power to set aside these judgments at any time before the lapse of the term at which they were rendered. They could have been set aside only by the court that rendered them upon the showing made by the appellants in their complaint. They were obliged to go to that court with their application to set them aside and to set out in their application their whole defense, or be held to have waived such defenses as they failed to set out. If the court committed error in refusing to set aside the judgments upon their application, it was error to be corrected by appeal to this court. They had no right to bring a separate action in chancery to obtain relief. they might have had in the original suit by making full defense, or proposing to do so, in their application to set aside the judgments." Because a party has failed to avail himself of a proper remedy or defense, or has declined to follow a recognized mode of practice, is no ground for granting a new trial on bill filed on the chancery side of the docket. "Proceedings to enforce a judgment will not be restrained merely because the defendant negligently permitted it to be rendered against him by default, or on the ground of defenses which he might have pleaded at law but neglected to do so." Lawson's Rights, Remedies and Practice, vol. 7, § 3701. In a bill filed for the purpose of obtaining a new trial in a law case the Illinois Supreme Court, in Holmes vs Stateler et al., 57 Ill. 209, in discussing the powers and duties of the chancellor, says: "It is only in cases which commend themselves strongly to equitable relief that the chancellor feels at liberty to interpose his power to vacate the judgment of a court at law. It was after a long and bitter struggle that the common-law judges yielded and conceded even the power of the chancellor to control the courts of general jurisdiction, or to set aside, modify, or otherwise interfere with judgments at law. But the power is now conceded and fully established. Yet it is upon fixed and determinate rules alone that the jurisdiction will be exercised. It

will not be done capriciously, or as a mere matter of discretion, nor because the chancello · would, on the evidence heard in the suit at law, have arrived at a different conclusion from that reached by the jury. And the court will not usually interpose to grant a new trial, unless there has been accident, mistake, or fraud, which has produced the result. Buckmaster vs Grundy, 3 Gilman, 626; Hinrichsen vs Van Winkle, 27 Ill. 334; How vs Mortell, 28 Ill. 478. In the second of these cases it was said a party cannot ask for relief in equity on the ground that he has failed or omitted to make a defense at law, even when the judgment is manifestly wrong in law and in fact, or where, by allowing it to stand, will compel the payment of a debt the defendant does not owe, unless it appears that it was obtained by fraud, or was the result of accident or mistake. See, also, The State Bank vs Stanton, 2 Gilman, 352. Where a party has been brought into court, and has had an opportunity of interposing a defense, and fails to do so, the repose of society requires that by the judgment then rendered the litigation should then end and the controversy terminate, unless, by accident, mistake, or fraud, the party has been prevented from interposing his defense or establishing his claim." 57 Ill. 211.

There is a further reason for sustaining the demurrer to the complaint. The judgment in ejectment was obtained in the United States Court sitting at Wagoner. The complaint here was filed in the United States Court at Sallisaw. The statute in force here provides: "An injunction to stay proceedings on a judgment or final order of a court shall not be granted in an action brought by the party seeking the injunction in any other court than that in which the judgment or order was rendered or made. Nor shall such injunction be granted unless the party applying therefor makes affidavit that no injunction has been previously granted to stay the proceedings on such judgment or order." Mansf. Dig. § 3751 (Ind. Ter. St. 1899, § 2510).

The judgment will be affirmed.

CLAYTON and TOWNSEND, JJ., concur.